# CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Virginia Heartland Bank

    v.

Roberts

    v.

Potomac Lifestyles
Properties et al.

June 16, 1998

Case No. CL97-292

BY JUDGE WILLIAM H. LEDBETTER, JR.

The court must decide, on demurrer, whether allegations of fraud and conspiracy are sufficiently stated.

### Background

The pleadings set forth the following facts.

By contract dated May 4, 1995, Roberts agreed to purchase a parcel of land from Potomac Lifestyles Properties for $99,000.00. According to the terms of the contract, Roberts would pay $24,750.00 down and the balance in monthly installments over five years.

By an addendum of the same date, the parties agreed that a 1994 Buick owned by Roberts had a value of $24,750.00 and would be used as Roberts' down payment for the land. The parties also agreed that if the land did not appraise for $99,000.00, "this sales agreement is null and void."

Roberts applied to Virginia Heartland Bank for a loan with which to pay the balance of the purchase price.

Kelly & Associates, an appraisal firm, submitted an appraisal to the Bank dated May 11, 1995, assigning a value of $99,000.00 to the property. The transaction closed and Roberts signed a note and deed of trust to the Bank.

Later, Roberts acquired information from which he concluded that the property was worth considerably less than what he had paid for it.

Roberts stopped making the mortgage payments. The Bank foreclosed. The property was sold at public auction on May 16, 1997, for $70,000.00, leaving a deficiency.

The Bank then instituted this action to recover the deficiency. Roberts responded with grounds of defense and a third-party motion for judgment against Potomac Lifestyles Properties, his seller; Smith and Kelly, the appraisers; and the Bank.[1] The essence of Roberts' claim is that the third-party defendants deliberately and deceitfully inflated the value of the property.

After Roberts amended his third-party claim to correct a misnomer, the third-party defendants demurred. The demurrer was sustained.

Then, Roberts filed a second amended third-party motion for judgment. The latest version contains four counts. The first count is against Potomac Lifestyles Properties only. It alleges fraud. The second count is against Smith and Kelly. It alleges fraud. The third count is against the Bank. It, too, alleges fraud. The fourth count is against all the third-party defendants. It accuses them of conspiracy to commit fraud.

Again, Smith and Kelly demurred. The court heard arguments on May 18, 1998, and received memoranda. The matter was taken under advisement.

(When Roberts filed his third-party claim, the clerk incorrectly created a new file. Similarly, a third file was incorrectly created when Roberts amended his third-party claim. By agreed order dated February 4, 1998, these cases were consolidated for all purposes. Further, at the demurrer hearing on May 18, 1998, the court informed counsel that the clerk would consolidate all papers in these cases in one file, in sequential order, all bearing the original case number of CL97-292. That has been done.)

---

[1] Roberts' claim against the Bank is actually a counterclaim. Rule 3:8. Throughout these pleadings, Roberts has mislabelled his claim against the Bank as a third-party claim. For the sake of consistency, the court in this opinion will refer to all of Roberts' claims as third-party claims.

*Fraud Allegations*

The gist of Smith's and Kelly's demurrer to Count II of the third-party claim is that Roberts does not allege that Smith and Kelly made any representations *to him*. The court agrees with Smith and Kelly.

Fraud is a misrepresentation of a material fact knowingly and intentionally made with the intent to mislead another person, which that person relies upon with the result that he is damaged by it. The elements of fraud are well known.[2]

Fraud is a tort. *See Evaluation Research Corp. v. Alequin*, 247 Va. 143 (1994).

A misrepresentation may result from concealment or suppression of facts, or even silence, as well as from affirmative representation. *Van Duesen v. Snead*, 247 Va. 324 (1994). Here, however, the allegations against Smith and Kelly concern only an affirmative representation: the appraisal.

One of the elements of a fraud claim is that the party asserting the claim be the person to whom the false representation was made. *Unlimited Screw Products v. Malm*, 781 F. Supp. 1121 (E.D. Va. 1991); 8B M.J., *Fraud and Deceit*, § 51.

From these definitional prerequisites, it is obvious that for there to be actionable fraud, some form of false representation must be communicated to someone, and the person to whom the communication is made must rely on it to his detriment.

Thus, an action for fraud is not available to an eavesdropper who overhears a false representation not intended for him, even though he acts on it to his detriment. Similarly, someone to whom the false statement was not made and for whom it was not intended but who later comes into possession of or in contact with the object of the fraud, has no fraud claim against the remote defrauder. *See, e.g., Samuels v. Fredericksburg Motorcars*, 44 Va. Cir. 98 (1997), where this court held that a subsequent purchaser of an automobile could not maintain an action for fraud against a remote seller who made a false representation to that remote seller's immediate transferee.

From the pleadings, which include attachments, it is apparent that Smith and Kelly made their appraisal for the Bank and submitted it to the Bank, not Roberts. It is also apparent that the appraisal was performed *after* Roberts had

---

[2] Another species of fraud, "constructive fraud," involves an innocent or mistaken misrepresentation. *Kitchen v. Throckmorton*, 233 Va. 164 (1982). Roberts' third-party claim speaks only of a deliberate and intentional deceit. Thus, this case is limited to allegations of actual fraud as defined in the text above.

agreed to purchase the property. Therefore, two essential elements of a fraud claim, (1) a false representation made to the person asserting the claim and (2) justifiable reliance on the false representation, are missing or are at least obscure and undefined.

Given the well-known requirement that fraud must be alleged with particularity so that all the essentials are stated or clearly inferred, 8B M.J., *Fraud and Deceit*, §§ 49 and 50, Roberts' third-party claim cannot survive demurrer. The pleading does not set forth allegations of fraud, under the circumstances of this case, with the required specificity.

*Conspiracy*

In Count IV of his third-party claim, Roberts asserts that all of the third-party defendants, including Smith and Kelly, "willfully and maliciously conspired to defraud and deceive … [Roberts] … into purchasing … [the real estate] … at an inflated value in order to enrich themselves through unlawful means."

Smith and Kelly contend in their demurrer that the conspiracy claim must fail because it does not allege that Smith and Kelly committed any unlawful act.

A civil conspiracy is a combination of two or more persons, by some concerted action, to accomplish some unlawful purpose, or to accomplish some purpose not unlawful in itself, by unlawful means. *Hechler Chevrolet v. General Motors Corp.*, 230 Va. 396 (1985).

The mere existence of an unlawful agreement does not support a civil conspiracy action. An overt act must be present to serve as the source of the plaintiff's injury. The overt act must be unlawful. This requirement stems from the necessity that the injury arise from an overt act and that recovery in tort is for injuries arising from the unlawful act. *Flinders v. Datasec Corp.*, 742 F. Supp. 929 (E.D. Va. 1990).[3]

The word "unlawful" does not necessarily connote criminal. It means without authority of law; that which is not justified or warranted by law. 4A M.J., *Conspiracy*, § 3.

---

[3] This feature distinguishes civil conspiracies from criminal conspiracies. Commission of the overt criminal act is not necessary for conviction of the crime of conspiracy. The public has an interest in aborting and punishing criminal agreements even though the substantive crime is never committed. In civil law, however, some overt act is necessary in order for the plaintiff to be damaged by the conspiracy.

Here, Roberts alleges in separate counts that each of the third-party defendants defrauded him. Then, in a "wrap-around" count, he alleges that all of them conspired to defraud him "into purchasing [the real estate] at an inflated value" to "enrich themselves."

Thus, according to Roberts' pleading, the "purpose" of the conspiracy is enrichment. The "means" is fraud. The "overt act" is the false appraisal.

For the reasons explained above, Roberts' allegations of fraud against Smith and Kelly lack specificity and are vague and obscure. Likewise, the role of Smith and Kelly in the alleged conspiracy to commit fraud upon Roberts is unexplained, indefinite, and uncertain. While a party does not have to set out all of his evidence in a pleading, even where specificity is required, he does have to allege sufficient facts to apprise the defendant of the tortious conduct of which he complains. This is not accomplished by conclusory statements to the effect that A, B, and C "conspired" to "defraud and deceive" in order to "enrich themselves."

Accordingly, Smith's and Kelly's demurrer to Count IV of the third-party claim will be sustained.

## Conclusion

The demurrer filed by Smith and Kelly will be sustained. Roberts may file an amended third-party motion for judgment within twenty-one days of the date of the order; otherwise, his third-party claims against Smith and Kelly will be dismissed.