WILLIAM L. VAN DEUSEN AND KAREN L. VAN DEUSEN

v.

W. BEN SNEAD, JR. AND DEBORAH W. SNEAD, ET AL.

Record No. 930566

February 25, 1994

Present: Carrico, C.J., Compton, Stephenson, Whiting, Lacy, Keenan, JJ.,
and Poff, Senior Justice

*Dennis P. Brumberg (Richard H. Wall; Lutins & Shapiro,* on briefs), for appellants.

*Douglas M. Coleman (Jacqueline E. Bennett; Hudgins, Carter & Coleman,* on brief), for appellees Philip Morgan, Carol Walker Fitch and Lugar, Poff, McGuire, Inc.

*Claude D. Carter (Kelli K. Updike; Carter, Brown & Osborne,* on brief), for appellees W. Ben Snead, Jr. and Deborah W. Snead.

*William H. Fralin, Jr. (Alton B. Prillaman; Jolly, Place, Fralin & Prillaman,* on brief), for appellees Lemon and Lambdon, Inc. and Patrick W. Graves.

SENIOR JUSTICE POFF delivered the opinion of the Court.

The principal issue framed by the parties to this appeal is whether, as the chancellor ruled, the amended bill of complaint failed to allege facts sufficient to support the complainants' claims of fraud, misrepresentation, and negligence.

The dispute arises out of the sale of a residence. The appellants are the complainants, William L. Van Deusen and his wife, Karen L. Van Deusen (the Van Deusens or the purchasers). The appellees are the several respondents, W. Ben Snead, Jr., and his wife, Deborah W. Snead (the Sneads or the sellers); Lemon and Lambdon, Inc., the listing agent and its employee, Patrick W. Graves (collectively, the listing agents); and Lugar, Poff, McGuire, Inc., and its employees, Carol L. Walker Fitch and Phillip Morgan, realtors engaged by the purchasers (collectively, the purchasers' agents).

When, as here, we review a judgment sustaining a demurrer, we confine our analysis to the facts alleged in the pleadings, *Elliott v. Shore Stop, Inc.,* 238 Va. 237, 239-240, 384 S.E.2d 752, 753 (1989), and accept as true those facts which are " 'expressly alleged, those which fairly can be viewed as impliedly alleged, and those which may be fairly and justly inferred from the facts alleged' ", *CaterCorp, Inc. v. Catering Concepts, Inc.,* 246 Va. 22, 24, 431 S.E.2d 277, 279 (1993) (quoting *Rosillo v. Winters,* 235 Va. 268, 270, 367 S.E.2d 717, 717 (1988)); *accord Dade v. Anderson,* 247 Va. 3, 439 S.E.2d 353 (1994).

In a contract executed 14 days before the execution of the contract in issue, the sellers had agreed to sell the residence to Mr. and Mrs. Osmann, strangers to this litigation. The report of a house investigation conducted for the Osmanns revealed vertical "differential settlement" of "about 4 to 5 inches", "[o]ut of level floors", and "tension on the roof . . . resulting in a lateral shift . . . of the soffit and soffit brick molding". As a result of that report, the sellers released the Osmanns from their contract.

The sellers' contract with the purchasers was executed on September 13, 1991, and the parties closed on October 30, 1991. When the purchasers discovered the defects and the estimated cost of repairs, they filed a bill of complaint against the several respondents.

As amended, the bill of complaint alleged that

[i]n an effort to prevent the Van Deusens from detecting the defects of the house, the Sneads did such things as hide cracks in the basement by placing materials and the like in front of them, put new mortar in cracks around the foundation, and the like, all without advising the Van Deusens of such condition and for the purpose of diverting their attention from the settlement of the house.

The purchasers further alleged that all of the respondents

were aware of the differential settlement which had occurred and of the attempts to hide same, which were material facts, and each and all of them had a duty to reveal such facts to the Van Deusens.

In their amended bill of complaint, the purchasers sought: rescission of the contract and restoration of the *status quo ante* on the ground that the conduct of the respondents "was fraudulent and consisted of misrepresentation"; damages for intentional misrepresentation; damages for unintentional misrepresentation; and damages for negligent "failure . . . to reveal . . . that differential settlement had occurred to the house." The chancellor sustained each of the demurrers filed by the respondents, and we awarded the purchasers an appeal.

■ We consider first the three counts of the amended bill of complaint sounding in fraud and deceit. The several elements of a cause of action for fraud were summarized in a recent decision as follows:

A party alleging fraud must prove by clear and convincing evidence (1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to him.

*Thompson v. Bacon,* 245 Va. 107, 111, 425 S.E.2d 512, 514 (1993).

## I. THE SELLERS' DEMURRER

The Sneads argue that the bill of complaint failed to allege facts sufficiently specific to support a cause of action for fraud because, they say, "the first element of a pleading of fraud, false representation, is not satisfied." Their argument overlooks the fact that we have held that concealment of a material fact may constitute the element of misrepresentation.

In *Spence v. Griffin,* 236 Va. 21, 28, 372 S.E.2d 595, 598-599 (1988), we explained:

> In support of the commissioner's finding, the Spences [grantees in a deed of gift] argue that the evidence fails to prove that they made any false representation that induced Mrs. Griffin [the grantor] to execute the deed of gift. They seem to assume that the only type of misrepresentation contemplated by the definition of actual fraud is an intentional, express verbalization of a falsehood. Concerning an allegation of actual fraud, we have said that "[c]oncealment of a material fact by one who knows that the other party is acting upon the assumption that the fact does not exist constitutes actionable fraud." *Allen Realty Corp. v. Holbert,* 227 Va. 441, 450, 318 S.E.2d 592, 597 (1984) (citation omitted).

> For purposes of an action for fraud, concealment, whether accomplished by word or conduct, may be the equivalent of a false representation, because concealment always involves deliberate nondisclosure designed to prevent another from learning the truth. A contracting party's willful nondisclosure of a material fact that he knows is unknown to the other party may evince an intent to practice actual fraud. [Citations omitted.]

Our decisions in *Spence* and in *Allen Realty Corp.* reaffirm the principle expounded earlier in *Clay v. Butler,* 132 Va. 464, 474, 112 S.E.2d 697, 700 (1922):

> If a party conceals a fact that is material to the transaction, knowing that the other party is acting on the assumption that no such fact exists, the concealment is as much a fraud as if the existence of the fact were expressly denied, or the reverse of it expressly stated.

*Restatement (Second) of Contracts* § 160 (1979) defines a rule in full accord with the rule we have applied: "Action intended or known to

be likely to prevent another from learning a fact is equivalent to an assertion that the fact does not exist." As explicated in the comments to § 160, the Restatement rule provides that "[c]oncealment is an affirmative act intended or known to be likely to keep another from learning of a fact of which he would otherwise have learned. Such affirmative action is always equivalent to a misrepresentation . . . ." The illustration suggested by the Restatement provides:

> A, seeking to induce B to make a contract to buy his house, paints the basement floor in order to prevent B from discovering that the foundation is cracked. B is prevented from discovering the defect and makes the contract. The concealment is equivalent to an assertion that the foundation is not cracked, and the assertion is a misrepresentation . . . .

Here, the amended bill of complaint alleged that the Sneads had "put new mortar in cracks around the foundation" and placed "materials and the like in front" of cracks in the basement to prevent the prospective purchasers "from detecting the defects of the house" and "for the purpose of diverting their attention from the settlement of the house."

■ Nevertheless, the Sneads invoke the doctrine of *caveat emptor.* As a general rule, the burden is upon a purchaser of real property to discover defects. "[A] very important exception to that rule is that the seller 'must not say or do anything to throw the purchaser off his guard or to divert him from making the inquiries and examination which a prudent man ought to make.' " *Armentrout v. French,* 220 Va. 458, 466, 258 S.E.2d 519, 524 (1979) (quoting from *Horner v. Ahern,* 207 Va. 860, 864, 153 S.E.2d 216, 219 (1967)).

■ In support of their demurrer, the Sneads argue that the bill of complaint "did not allege facts to support the diversion exception". We disagree. The purchasers' allegation that the sellers took certain affirmative actions designed to conceal the defects described in the investigation report is sufficient. In our view, an allegation of concealment by conduct is equivalent to an allegation of a verbal misrepresentation of a material fact, made intentionally to mislead prospective purchasers and to divert them from "making the inquiries and examination which a prudent man ought to make." *Id.* In addition, the bill of complaint expressly alleged that the purchasers "relied on the representations . . . and were damaged thereby." We hold, therefore, that the bill of complaint stated a cause of action for fraud against the Sneads.

■ Next, we consider the Sneads' demurrer to the negligence count added by amendment to the bill of complaint. The purchasers alleged that "[t]he failure . . . to reveal to the Van Deusens that differential settlement had occurred to the house was negligent." The Sneads argue that actual knowledge of the settlement problem raised no duty under Virginia law for the sellers to disclose the defects. We agree.[1] Absent a duty, there can be no breach and no cause of action for negligence, and we will uphold the chancellor's ruling sustaining the Sneads' demurrer as applied to the negligence count.

## II. THE LISTING AGENTS' DEMURRER

■ We turn now to the demurrer filed by the listing agents. In *Allen v. Lindstrom,* 237 Va. 489, 499, 379 S.E.2d 450, 456, *cert. denied,* 493 U.S. 849 (1989), we were required to consider what duty listing agents owed to prospective purchasers. We said:

The defendants' primary and paramount duty, as broker and broker's agent, was to the sellers, with whom they had an exclusive contract. While there may be some type of general duty to the public owed by every realtor, it is not the type of duty that converts into a liability against a seller's agent for improper conduct to one in the adversary position of prospective purchaser, where there is no foreseeable reliance by the prospect on the agent's actions. Even though the plaintiffs alleged in a conclusory averment that they relied on defendants to transmit the offer, there is no factual allegation of any direct contact or communication between the [plaintiff] and the defendants.

Applying that principle here, we will affirm the chancellor's ruling sustaining the listing agents' demurrer to the four counts of the amended bill of complaint.

## III. THE PURCHASERS' AGENTS' DEMURRER

Finally, we must determine whether the chancellor erred in sustaining the demurrer filed by the purchasers' agents.

---

[1] In 1992 the General Assembly enacted the Virginia Residential Property Disclosure Act, Code §§ 55-517 to -525, which requires the seller of real property either to disclose defects known to exist in the property, or to provide a disclaimer stating that the property is sold "as is". Since this dispute arose in 1991, we apply the law as it existed at that time.

Preliminarily, we note their contention on brief that "[b]oth the listing and selling agents in this case were agents for the Sneads. As such, they owed their fiduciary loyalty and duty of care exclusively to the Sneads, and not to the Van Deusens." We find nothing in the record before us to support that assertion. While counsel in oral argument averred that both a listing agent and any other realtor involved in a sale of real estate are generally identified in the business vernacular as "selling agents," we look only to the content of the bill of complaint. There, the purchasers alleged that they had "engaged Lugar, Poff, McGuire, and particularly its agents, Walker Fitch and Morgan to assist them in the purchase of a home." The term "engaged" implies the existence of an agency relationship. Because "a man cannot be the agent of both the seller and the buyer in the same transaction without the intelligent consent of both," *Ferguson v. Gooch,* 94 Va. 1, 8, 26 S.E. 397, 399-400 (1896); *accord Bell v. Real Estate Corp.,* 206 Va. 853, 859, 147 S.E.2d 277, 281 (1966), for purposes of this appeal we identify the realtors the purchasers "engaged" as "the purchasers' agents".

■ "An agent is a fiduciary with respect to the matters within the scope of his agency." *H-B Partnership v. Wimmer,* 220 Va. 176, 179, 257 S.E.2d 770, 773 (1979) (real estate agent employed by purchaser to buy property). We have repeatedly applied the following rule:

[A] broker owes his principal the duty to use utmost fidelity to him and must disclose to him all facts within the broker's knowledge which may be material to the transaction, or which might influence the principal in deciding upon a course of action. *Va. Real Estate Comm. v. Bias,* 226 Va. 264, 269, 308 S.E.2d 123, 125-26 (1983); Metro Realty v. Woolard, 223 Va. 92, 98, 286 S.E.2d 197, 200 (1982); *Owen v. Shelton,* 221 Va. 1051, 1054, 277 S.E.2d 189, 191 (1981).

*Burrus v. Green Auction Co.,* 228 Va. 6, 10, 319 S.E.2d 725, 727 (1984); *accord Duncan v. Barbour,* 188 Va. 53, 61-62, 49 S.E.2d 260, 264 (1948); *Mitchell v. Hughes,* 143 Va. 393, 403, 130 S.E. 225, 228 (1925).

■ Here, the bill of complaint alleged that "[p]rior to closing [the purchasers' agents] learned of the contents of the inspection report" and "were aware of the differential settlement . . and of the attempts to hide same". Clearly, this was information the fiduciaries had a duty to disclose to their principals. The purchasers alleged that they did not learn about the defects until five days after closing on the contract.

We hold that these allegations were equivalent to allegations of a breach of their agents' duty to disclose and sufficient to state a cause of action for negligence.

However, the purchasers did not allege that their agents had made a verbal misrepresentation or concealed a material fact intentionally, knowingly, and with intent to mislead. Consequently, we will uphold the chancellor's ruling sustaining the demurrer filed by the purchasers' agents insofar as it applied to the fraud counts.

In summary, we will affirm (a) the judgment sustaining the demurrer filed by the listing agents, (b) so much of the judgment sustaining the demurrer filed by the sellers as applied to the negligence count, and (c) so much of the judgment sustaining the demurrer filed by the purchasers' agents as applied to the fraud counts. We will reverse (a) so much of the judgment sustaining the demurrer filed by the sellers as applied to the fraud counts and (b) so much of the judgment sustaining the demurrer filed by the purchasers' agents as applied to the negligence count and remand the cause for further proceedings in accord with this opinion.[2]

*Affirmed in part,*
*reversed in part,*
*and remanded.*

---

[2] The purchasers concede on brief that, at trial, they "must elect between rescission and damages."