## CIRCUIT COURT OF THE CITY OF ROANOKE

Ellen Clough Darden
and Steven Darden

v.

Vinton Car Connection, Inc., et al.

March 6, 1997

Case No. CL96-1139

BY JUDGE ROBERT P. DOHERTY, JR.

Defendant's demurrer to the Plaintiff's multi-count Motion for Judgment alleges negligence, fraud, breach of warranty, conspiracy to commit fraud, negligent inspection, violation of the Virginia Consumer Protection Act, and intentional or gross negligence in inflicting emotional harm to the Plaintiff. The Plaintiff's claims arise out of the purchase of a used car from Defendant car dealer and the safety inspection of the used car by Defendant automobile service center. Two of the Defendant car dealer's agents are included as Defendants.

Count I alleges negligence on the part of all four of the Defendants resulting in what amounts to be simply economic losses. Woods Service Center, Inc., Timothy J. Wingo, and Gary M. Brammer are not in privity of contract with the Plaintiffs. Section 8.01-223 is applicable. See also *Sensenbrenner v. Rust, Orling & Neale, Architects, Inc.*, 236 Va. 419 (1988), and *Ward v. Ernst & Young*, 246 Va. 317 (1993). A negligence action against these Defendants violates the "economic loss rule." The demurrer to the negligence count is sustained as to them.

Regarding the negligence claim against Vinton Car Connection, Inc., "the Plaintiffs here realistically allege nothing more than disappointed economic

expectations." *Sensenbrenner, supra*. They contracted to purchase an automobile from Vinton Car Connection, Inc., and the automobile:

> is alleged to have been defective — one or more of its component parts was sufficiently substandard as to cause damage to the other parts. The effect of the failure of the substandard parts to meet the bargained-for level of quality was to cause a diminution in value of the whole, measured by the cost of repair. This is a purely economic loss for which the law of contracts provides the sole remedy. *Sensenbrenner, supra* at 425.

Accordingly, the demurrer to the negligence count is also sustained as to the Defendant, Vinton Car Connection, Inc.

The fraud and constructive fraud counts presents a different picture. The Plaintiffs allege that Defendant, Vinton Car Connection, Inc., knew, or should have known, of a defective condition in the car and actively concealed it by causing a false inspection sticker to be placed on the car. With respect to Vinton Car Connection, Inc., the fraud and constructive fraud allegations are properly pleaded. The purchaser's allegation that the seller took certain affirmative actions designed to conceal the defects:

> is sufficient. In our view, an allegation of concealment by conduct is equivalent to an allegation of verbal misrepresentation of a material fact, made intentionally to mislead prospective purchasers and to divert them from "making the inquiries and examination which a prudent man ought to make." *VanDeusen v. Snead*, 247 Va. 324 (1994).

The constructive fraud allegation operates on the same basic theory, except that the implied allegation is that the Vinton Car Connection, Inc., knew or should have known of the concealment of a material fact and negligently failed to disclose the information to the Plaintiff.

Tim Wingo is the agent of Defendant, Vinton Car Connection, Inc., and "an agent has a tort liability for injuries to a third party resulting from the agent's negligent act while acting within the scope of his employment by his principal." *Miller v. Quarles*, 242 Va. 343 (1991). The same applies to an intentional fraud. The allegations of fraud and constructive fraud on the part of the agent are adequate to survive the demurrer.

The facts as alleged do not tie Gary Brammer into any fraud or constructive fraud. The demurrer as to him is sustained.

With respect to Woods Service Center, Inc., they had no contact with Plaintiff and therefore no duty to disclose anything to them. The fraud and constructive fraud counts will be dismissed as to them.

The conspiracy count is a conspiracy to commit fraud. The agent and principle cannot be found to have committed a conspiracy as they are treated as one unit. "There must be two persons to commit a conspiracy; a corporation cannot conspire with itself." *Bowman v. State Bank of Keysville*, 229 Va. 534 (1985). There is no allegation that Wingo or Brammer maintained a hollow corporation that was their alter ego. Of necessity, corporations must act through agents. Therefore, we are dealing with only two parties in this count, the corporations. The allegations are broad enough to be interpreted that the Plaintiff claims that the two corporate Defendants conspired with each other to defraud the Plaintiff. That is sufficient to overcome the demurrer.

Privity of contract is still required in Virginia for a breach of warranty claim except where it has been specifically abolished by statute. Section 8.2-318 abolished privity as to the manufacturer or seller of goods in breach of warranty and negligence actions where there is injury for persons or property. It does not abolish privity for economic loss recovery.

Woods Service Center, Inc., is neither a manufacturer or seller of the goods in question. Therefore, § 8.2-318 is not applicable to it. Privity of contract is required between Plaintiffs and Woods Service Center, Inc., in order to claim a breach of warranty. The claim for damages from breach of the express and implied warranties fails as to Woods Service Center, Inc. There is privity of contract between Plaintiffs and Vinton Car Connection, Inc., but not as to the seller's agents, Gary Brammer or Timothy Wingo. The breach of the express and implied warranties claims are valid only as to Vinton Car Connection, Inc. The demurrer is sustained as it applies to the other Defendants.

The negligent inspection count is nothing more than a restatement of some of the allegations of negligence in Count I. The Plaintiffs were not in privity of contract with Woods Service Center, Inc. The demurrer to the negligent inspection count is sustained.

The Plaintiff's claim against Vinton Car Connection, Inc., for violation of the Virginia Consumer Protection Act of 1977, as amended, is properly pleaded. The demurrer is sustained as to Tim Wingo and Gary Brammer, as they were not a supplier, a person providing services, or a person engaged in a consumer transaction with Plaintiff. See § 59.1-198. With respect to Woods Service Center, Inc., it is excluded from the Virginia Consumer Protection Act, pursuant to § 59.1-199(a). The inspection services it provided are authorized under the laws or regulations of this Commonwealth and, as an aspect of a

consumer transaction, do not come within the Act. The demurrer to this count is therefore also sustained as to Woods Service Center, Inc.

The emotional distress claim is also properly pleaded as to all of the Defendants except Gary Brammer. The facts alleged only show that he, as an agent for Vinton Car Connection, Inc., discussed the original contract with the Plaintiffs some three months after its execution. With respect to Woods Service Center, Inc., if they are found to have conspired with Vinton Car Connection, Inc., to commit a fraud upon the Plaintiffs, then the emotional distress claim would be proper as to them. This is so because a personal injury loss is alleged as damages in this count. The demurrer is sustained as to Gary Brammer.

The claim for punitive damages does not lie in the breach of warranty claim. In that count, the Plaintiff is limited to the damages it would receive in a contract action. The claim under the Virginia Consumer Protection Act is limited to the damages set forth in § 49.1-204.