## CIRCUIT COURT OF THE CITY OF ROANOKE

Katherine Joyce Bishop et al.

v.

Kathleen L. Stone

September 18, 1997

Case No. CL97-277

BY JUDGE ROBERT P. DOHERTY, JR.

Plaintiff purchasers entered into a written contract to buy Defendant seller's house. The contract contained a warranty that the septic system would be in safe working order at the time of settlement. Plaintiffs subsequently learned that there was ground seepage from the septic system and required Defendant to make repairs. Seller made some repairs, and later Purchasers obtained a home inspection report indicating that the septic system was operating normally. Afterward, an addendum to the contract was executed removing the home inspection clause of the contract. The purpose of the home inspection clause was to allow the Purchasers to verify that the septic system, among other things, was in safe working order. The addendum instead required defendant to make certain repairs and deliver the septic system permits or, in the alternative, to pay $500.00 at closing. Seller chose to pay the $500.00, and the closing and transfer of the deed occurred. Later, Plaintiffs again discovered ground seepage from the septic system and filed this action claiming that Defendant committed a breach of contract, a breach of warranty, and fraud in the inducement. Upon agreed facts, Defendant demurred, made a special plea in bar based on the doctrine of merger, and made a motion to dismiss. The Court sustains the Defendant's position.

## Fraud

The fraud claim made by the Plaintiffs is based on the allegation that the repairs Defendant made to the septic system were not those recommended by a professional. Plaintiffs argue that they were led to believe that the repairs were those recommended by a professional and that they would not have purchased the real estate otherwise. The elements of an action for actual fraud are summarized in *Van Deusen v. Snead*, 247 Va. 324 (1994), as follows:

> A party alleging fraud must prove by clear and convincing evidence (1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting in damage to him.

The elements of an action for constructive fraud, as found in *Evaluation Research Corp. v. Alequin*, 247 Va. 143 (1994), are the same as those for actual fraud except that:

> Constructive fraud differs from actual fraud in that the misrepresentation of material fact is not made with the intent to mislead but is made innocently or negligently, although resulting in damage to the one relying on it.

Both of these types of fraud require the element of detrimental reliance.

Upon a review of the agreed facts and pleadings, the Court finds that the Plaintiffs did not rely on representations made by the Defendant to determine the status of the septic system but instead relied on the independent home inspection and test made by their expert. Having made such an investigation, they are bound by all that a complete investigation would have shown, and they are no longer justified in relying on representations made by the Seller. *Watson v. Avon Street Center*, 226 Va. 614 (1984). Since the misrepresentation element of the fraud claim does not exist, the fraud count must be dismissed.

## Merger

The Defendant argues that because the contract was merged with the deed at closing, Plaintiffs' claims of breach of contract and breach of warranty must fail. Unless fraud is found to exist, the doctrine of merger is applicable. It is

summarized in the case of *Davis v. Cleve Marsh Hunt Club*, 242 Va. 29 (1991), as follows:

> that where a deed has been executed and accepted as performance of an executory contract ... the rights of the parties rest thereafter solely on the deed.

Under the facts of this case, the contract entered into by these parties was an executory contract as it depended upon a future performance in order to be complete. The future performance was the transfer of the real estate from the Seller to the Purchasers by the execution and acceptance of the deed. Once this was accomplished, the contract was no longer of any effect. Its terms were merged with, or substituted by, the covenants in the deed.

The doctrine of merger not only applies as a legal principal in this case, but as a contract provision. The last portion of Paragraph L, in capital letters, reads as follows:

> THE REPRESENTATIONS AND WARRANTIES MADE BY SELLER HEREIN AND ALL OTHER PROVISIONS OF THIS CONTRACT SHALL BE DEEMED MERGED INTO THE DEED DELIVERED AT SETTLEMENT AND SHALL NOT SURVIVE SETTLEMENT.

Giving a common sense meaning to this language, the contract and warranty provisions are treated as they no longer exist once the deed is delivered. This alone would be sufficient to strike the Plaintiffs' breach of contract and breach of warranty counts.

### Waiver

Notwithstanding all of the above, the home inspection clause of the contract, which was written to insure to the Purchasers that, among other things, they could verify with their own expert that the septic system was in safe working order at closing, was waived by the Purchasers by the execution of the Addendum. That Addendum brought the provisions of Paragraph H into play and gave the Purchasers the option to take the $500.00 and accept the house in its present condition or to terminate the contract and receive a refund of their deposit. Purchasers chose to proceed with the closing, thereby waiving their claims of breach of contract, breach of warranty, and

detrimental reliance or fraud in the inducement. They accepted the house in its present condition, as is, and have no argument at law for damages.

The Defendant's motions are granted, and the action is dismissed.