## CIRCUIT COURT OF AMHERST COUNTY

Talmadge R. Eubank
and Christie W. Eubank

v.

Ford Motor Credit Co.
and Amherst Motors, Inc.

Case No. CL 5213

BY JUDGE J. MICHAEL GAMBLE

November 21, 2000

I am writing this letter to rule on the demurrer of Ford Motor Credit Company ("Ford Credit") in this case. In this regard, I sustain the demurrer as to the cause of action against Ford Credit for actual and/or constructive fraud. Having sustained the demurrer as to actual and/or constructive fraud, I will allow the plaintiffs to file an amended pleading on this cause of action. Further, I sustain the demurrer to the cause of action of the plaintiffs under the Virginia Consumer Protection Act, §§ 59.1-196 *et seq.* of the Code of Virginia, and I dismiss that cause of action. My reasons are set forth below.

A party alleging fraud must prove by clear and convincing evidence: (1) a false misrepresentation; (2) of a material fact; (3) made intentionally and knowingly; (4) with intent to mislead; (5) reliance by the party misled; and (6) resulting damage to him. *Van Deusen v. Snead*, 247 Va. 324, 327, 441 S.E.2d 207 (1994). In the instant case there is no allegation that Ford Credit made any direct representation to the plaintiffs about the condition of the Ford Explorer that they purchased from Amherst Motors. Under the allegations of the motion for judgment, it is merely alleged that Ford Credit furnished condition reports on the Ford Explorer which did not accurately reflect the damage sustained by the vehicle in a wreck that occurred while it was being leased. The only representations made directly to the plaintiffs was from the salesperson of Amherst Motors to the plaintiffs. The motion for judgment alleges that the

salesperson of Amherst Motors directly represented to plaintiffs that the vehicle had not been damaged or wrecked.

Accordingly, the threshold issue on this demurrer is whether Ford Credit can commit actual and/or constructive fraud when it did not specifically make a representation to the plaintiffs. This issue has been considered by the Supreme Court of Virginia in a similar situation. *Mortarino v. Consultant Eng'g Services*, 251 Va. 289, 467 S.E.2d 778 (1996). In *Mortarino*, a firm contracted to purchase real estate which could possibly be subject to governmental wetlands regulations. A "strawman" purchaser employed a consultant to evaluate whether or not the wetlands regulations would apply to this real estate. The consultant erroneously gave an opinion that only a small portion of the real estate would be subject to the wetlands regulations. The trial court sustained a demurrer partially on the ground that no representation had been made to the actual purchaser by the consultant. This is similar to the instant case where Ford Credit made no actual representation to the purchaser. In reversing the trial court, the Supreme Court of Virginia held that although the trial court properly sustained the demurrer because the pleadings did not set forth that the consultant knew or had reason to know that the purchaser would rely upon the evaluation, the trial court should allow the plaintiff an opportunity to amend the motion for judgment to make these allegations. *Mortarino, supra*, at 295.

In the instant case, the first amended motion for judgement does not make a specific allegation that Ford Credit knew or had reason to know that the ultimate purchasers of this vehicle would rely upon its report about the prior damage history to the vehicle. Rule 1:8 of the Rules of the Supreme Court of Virginia directs that leave to amend "shall be liberally granted in furtherance of the ends of justice." Accordingly, I will allow the plaintiffs to amend their motion for judgment to make these allegations.

The plaintiffs also plead in the motion for judgment that Ford Credit has violated the provisions of the Virginia Consumer Protection Act. Pursuant to §§ 59.1-199 of this act, it applies to fraudulent acts and practices committed by a supplier in connection with a consumer transaction. Under §§ 59.1-198 a consumer transaction is defined in part as "[T]he advertisement, sale, lease, or offering for sale or lease, of goods or services to be used primarily for personal, family, or household purposes." In the instant case, the sale of this vehicle was alleged to have occurred at Harrisonburg Auto Auction wherein the property was sold "as is" by Ford Credit to Amherst Motors.

The sale of the vehicle at Harrisonburg Auto Auction was not a consumer transaction within the meaning of §§ 59.1-198. It was not a sale or lease of goods for personal, family, or household purposes. It was a transaction

between merchants (Ford Credit and Amherst Motors) rather than with a consumer.

The parties also presented arguments as to whether economic damages and/or punitive damages should be allowed in this case. These are issues that the Court will reserve ruling on pending further development of the case by discovery or, possibly, at trial.

Plaintiffs will have twenty-one days from the date of the entry of the order to file their amended motion for judgment. Defendant shall thereafter have twenty-one days to file any responsive pleading it may deem proper after the amended motion for judgment is filed by the plaintiffs.

February 13, 2001

I am writing to rule on the demurrer of Ford Motor Credit Company to the second amended motion for judgment of the plaintiffs. In this regard, the demurrer is overruled. My reasons for this ruling are set forth briefly below.

The basic question before the Court is whether the plaintiffs have pleaded a cause of action against Ford Credit. Even though the plaintiffs may not have contracted directly with Ford Credit for the purchase of the Explorer, the simple threshold issue is whether a cause of action has been pleaded for actual or constructive fraud.

The elements of fraud are (1) a false representation, (2) of material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) that was relied upon by the party misled, (6) resulting in damage to the plaintiff. *Van Deusen v. Snead*, 247 Va. 324, 327, 441 S.E.2d 207 (1994). Constructive fraud differs from actual fraud in that the misrepresentation is not made with intent to mislead but is made innocently or negligently. *Nationwide Mut. Ins. v. Hargraves*, 242 Va. 88, 92, 405 S.E.2d 848 (1991). Further, it is not necessary to sustain a fraud claim that there be an affirmative misrepresentation. A concealment of material fact which is relied upon by another person can also constitute a misrepresentation. *Allen Realty Corp. v. Holbert*, 227 Va. 441, 450, 318 S.E.2d 592 (1984). Further, silence or failure to speak may be a misrepresentation. *Nationwide v. Hargraves, supra*, at 92.

In the second amended motion for judgment, paragraph 5 alleges a reliance by the plaintiff on the material fact of the condition of the vehicle. Further, paragraph 5 alleges that the plaintiffs purchased the vehicle in reliance on the condition of the vehicle. Paragraphs 3 and 4 allege that Ford Credit did not disclose the frame damage and knew or should have known that the condition of the vehicle would be relied on. Accordingly, the allegations are sufficient to state a cause of action against Ford Credit.

I have not been able to find any case that specifically holds there must be a direct relationship between the person or entity creating the fraud and the person who has been defrauded. In fact, as previously held by the court, the Supreme Court of Virginia has allowed an amendment of a pleading to allege fraud against a defendant who made no direct representation to the plaintiff and with whom the plaintiff had no direct relationship. It is merely necessary that the elements of fraud be alleged. *Mortarino v. Consultant Eng'g Services,* 251 Va. 289, 295, 467 S.E.2d 778 (1996).