COURT OF APPEALS OF VIRGINIA


Present: Judges Frank, Felton and Kelsey
Argued at Richmond, Virginia


AUBREY J. EL

                                       MEMORANDUM OPINION[*] BY

v.     Record No. 3221-01-2        JUDGE ROBERT P. FRANK
                                           DECEMBER 10, 2002

COMMONWEALTH OF VIRGINIA,
 DEPARTMENT OF SOCIAL SERVICES,
 DIVISION OF CHILD SUPPORT ENFORCEMENT,
 ex rel. MARGO EL


FROM THE CIRCUIT COURT OF KING WILLIAM COUNTY
Thomas B. Hoover, Judge

Aubrey J. El, pro se.

Drew A. Swank, Special Counsel (Jerry W.
Kilgore, Attorney General; Craig M. Burshem,
Senior Assistant Attorney General, on brief),
for appellee.


The Division of Child Support Enforcement (appellee) issued an Order to Withhold and Deliver and served it on Aubrey J. El's (appellant) bank, thereby collecting $28,984.79 toward child support payments in arrears. Appellant requested an administrative hearing. He appealed the decision of that hearing to the juvenile and domestic relations district court under former Code § 63.1-268.1 (recodified at Code § 63.2-1943). He then appealed the juvenile court's decision to the circuit court for de novo review.

---

     * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Appellant appeals the circuit court's order of October 30, 2001 finding him in arrears on his child support payments in the amount of $1,065.36.[1] He argues the trial court erred because it 1) failed to grant his request for a continuance, 2) entered a final order that did not reflect the proceedings and granted relief that appellee did not request, 3) violated his right to due process, 4) granted appellee's motion in limine to limit the calculation of arrearages to dates after May 10, 1999, 5) found appellee properly seized money pursuant to the Order to Withhold and Deliver, 6) failed to credit prior child support payments, 7) found appellee did not owe a fiduciary duty to appellant, and 8) refused to follow the Rules of the Supreme Court regarding appellee's Statement of Facts.[2] We affirm the trial court's ruling.

---

[1] We note that, while appellant is pro se, he is still required to follow the procedural and substantive rules of law. Townes v. Commonwealth, 234 Va. 307, 319, 362 S.E.2d 650, 656-57 (1987) (proceeding pro se does not give a defendant license to ignore the procedural and substantive rules of law); Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999) (pro se parties must comply with the rules of the court).

[2] Appellant raises several additional issues on appeal, which he failed to brief as required by Rule 5A:20(e). He also fails to indicate where these issues are preserved under Rule 5A:18, as required by Rule 5A:20(c) and (e). "Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration. We will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Therefore, we will not consider these issues on appeal. The eight arguments listed here are the only ones briefed in appellant's "Argument" section.

I.  Continuance

On October 17, 2001, the day of trial, appellant argued he should be granted a continuance "to acquire competent legal counsel."  He explained he was unhappy with his attorney and had fired him the previous week.  Appellant told the trial court, "I have adequate evidence to make my case.  I just don't have it together."

"The decision whether to grant a continuance is a matter within the sound discretion of the trial court.  Abuse of discretion and prejudice to the complaining party are essential to reversal.  In considering a request for a continuance, the court is to consider all the circumstances of the case." Venable v. Venable, 2 Va. App. 178, 181, 342 S.E.2d 646, 648 (1986) (citations omitted).  The trial court here considered several factors.  First, appellant had presented the same case in the juvenile court on May 10, 2001, without the assistance of counsel.[3]  Second, the case originally was set for a trial court hearing on September 5, 2001 and was continued, through counsel, at the request of appellant.

Appellant did not argue he needed extra time to subpoena witnesses.  He did not provide the court with information regarding his efforts to obtain new counsel.  While appellant did proffer some information "because [he was] just not

_____

[3] The juvenile court hearing involved an appeal from appellant's administrative hearing on February 12, 2001.

-

prepared," his proffer consisted mainly of argument.  Any facts provided in the proffer could have been presented at the trial.  The proffer did not explain why this information could not be presented that day.  Nothing in the record suggests the trial court abused its discretion in denying appellant's motion for a continuance.

## II.  The Final Order

Appellant contends the trial court's order of October 30, 2001 makes several findings "not pleaded by the Appellees."  He specifically refers to paragraphs four, six, and ten of the final order.  He claims the order is void because these paragraphs are included.  We disagree with appellant.

Paragraph four states the court's finding that appellee's account of the arrearages "is true and accurate."  Paragraph six recites the court's finding that appellee properly employed an Order to Withhold and Deliver to "seize[] and credit[] to the arrears" the funds in appellant's bank account.  Both these paragraphs relate factual findings the trial court made in response to issues raised by appellant.  These findings are not "relief" for appellee, as appellant claims.  Therefore, appellant's argument is meritless.  The trial court properly made findings on these issues.

Appellant also argues the trial court erred by ordering in paragraph ten that his proffer "shall . . . not be considered as part of the record for any appeal purpose."  While we agree with

-

appellant that the trial court cannot exclude portions of the legitimate trial transcript from the record on appeal, we find this error harmless.  See Williams v. Commonwealth, 4 Va. App. 53, 78-79, 354 S.E.2d 79, 93-94 (1987) (explaining harmless errors by a trial court, errors that did not affect the outcome of the case, do not provide a basis for overturning a court's finding).

At the conclusion of appellant's case, the following exchange occurred:

> THE COURT:  Mr. El, any evidence you wish to present?
>
> MR. EL:  Your Honor, I'd like to make a proffer for the record.
>
> THE COURT:  All right.  Regarding what?  I'm asking you to present your evidence.
>
> MR. EL:  Well, Your Honor, I have, like I stated earlier – I want to object, because I'm just not prepared, and in order to present the evidence, I would have to have my pleadings in order and my exhibits in order, none of which I have together.
>
> The only thing I can probably do is proffer for the record, and that's basically all I can do at this time, Your Honor.
>
> THE COURT:  All right.  Do the best you can. Go ahead.

The proffer, which the trial court characterized in the final order as "the closing statement or proffer," was not a true proffer of the evidence appellant would have adduced at trial.  See, e.g., Durant v. Commonwealth, 35 Va. App. 459, 466,

-

546 S.E.2d 216, 220 (2001) (noting a proffer presents the "expected evidence" to the trial court).  Instead, appellant presented argument.  For example, he claimed the arrearage amount prior to 1999 was inaccurate,[4] even though the trial court previously granted a motion in limine that excluded consideration of this period from the hearing.  He also claimed appellee owed him a fiduciary duty that was breached.  At the conclusion of this "proffer," the trial court explained:

> All right.  Let the record show that I have permitted Mr. El to make his proffer on the record of what he claims his evidence would have been had the Court continued the case and admitted [sic] him additional time to prepare for trial.
>
> The Court is not accepting his proffer as evidence on the merits of the case.  This proffer is not evidence in the case.  It contains improper conclusions and speculations.

Appellant did not object to this characterization of his "proffer."[5]  In the final order, the trial court found this statement by appellant "shall . . . not be considered as part of the record for any appeal purpose."

---

[4] Appellant did not offer any documents to the court nor did he testify under oath to any facts.

[5] Appellee did not stipulate to the proffer, but instead objected to it as substantive evidence in the case.  Therefore, we cannot review the proffer as evidence.  See Wyche v. Commonwealth, 218 Va. 839, 842-43, 241 S.E.2d 772, 774-75 (1978) (discussing the use of proffers).

The content of the record on appeal to this Court is controlled by Rule 5A:7, which includes a transcript of "any proceedings."  An order of a trial court cannot change this rule.

In this case, however, contrary to the final order, the proffer is included in the transcript and is presented to us as part of the record.  We accept it as a part of the transcript and, therefore, any error in the order is harmless.

### III.  Due Process

Appellant argues his due process rights under Article I, § 11 of the Virginia Constitution were violated "when the trial Court [sic] failed to have a trial on the merits."  Appellant did not make this objection at trial; therefore, he has not preserved this argument for appeal.

Appellant objected "on due process grounds" to the court's denial of his motion to continue.  He did not make this objection in relation to the hearing itself nor did he explain this objection more fully to the trial court, as required by Rule 5A:18.  Appellant does not argue an exception should be made to attain the ends of justice or for good cause shown, as required by Rules 5A:18 and 5A:20(e), nor do we find any reason to waive these Rules.  Therefore, we cannot consider his due process argument on appeal.  Townes v. Commonwealth, 234 Va. 307, 319, 362 S.E.2d 650, 656-57 (1987) (noting pro se

-

parties must make the proper objections at trial, otherwise the argument is not preserved for appeal).

Additionally, the trial court heard evidence from appellee. Appellant cross-examined appellee's witness. The court gave appellant the opportunity to present his evidence. However, appellant chose not to do so. He was provided the opportunity to present his case; he simply did not present any evidence to the trial court. He had a trial on the merits.

## IV.  Motion in Limine

Appellant argues the trial court erred in granting appellee's motion in limine, which effectively limited his evidence to issues involving arrearages that accumulated after May 10, 1999. Appellee argues the principle of res judicata supports the trial court's granting of the motion. We agree with appellee.

During the October 2001 hearing, the trial court described the hearing on the motion in limine:

> We heard evidence proffered by [appellant's] attorney and by [appellee's attorney]. We arrived at the fact that arrears were $35,000 as of May or June 1999. That's what both sides agreed to, and the Court accepted that. That's how we proceeded on the case.
>
> The earlier motion by [appellant] was that he wanted to re-litigate the amount of the child support arrears. I advised him that about a year or more ago, the Court had set the amount of arrears and the Court would not re-litigate the amount of arrears. We would add that amount and bring that forward to see if there were any credits that should

-

be credited to the account or payments made
by [appellant] or any other payments that
should be credited, and add to that amount
of arrears any further unpaid support.

An earlier order of the trial court set the amount of child support in arrears as of May 1999. That order was not appealed, and twenty-one days had passed since the court entered the order. As a valid[6] order set the amount owed prior to June 1999, the trial court no longer had jurisdiction to reconsider that amount. Rule 1:1.

### V. Order to Withhold and Deliver

Appellant argues the trial court erred in finding appellee "properly and timely applied the [Order to Withhold and Deliver] process when there was no evidence to support that conclusion." Appellant contends "there is no controversy as to [appellee's] failure to follow" the proper procedure under Code § 63.1-256(D) (recodified at Code § 63.2-1929). He refers to "admissions" made during a juvenile court hearing.[7]

The trial court heard this case de novo. Code §§ 16.1-113, 63.1-268.1 (recodified at Code § 63.2-1943). The evidence and the rulings of the juvenile court are not considered on de novo appeal unless they are presented and accepted as evidence by the

---

[6] Appellant argues the order is void because of extrinsic fraud. We address that issue below in section VI.

[7] The juvenile court found the seizure was proper, and appellant appealed that decision to the circuit court. The circuit court decision is reviewed in this appeal.

-

trial court.  See Box v. Talley, 1 Va. App. 289, 292, 338 S.E.2d 349, 350-51 (1986).

Appellee did not present argument to the trial court regarding the Order to Withhold and Deliver.  In his brief on appeal, appellant does not explain what "process" appellee "failed to follow."  Under Rule 5A:20(e), an appellant must provide an explanation and legal authority for an argument.  We find nothing in appellant's brief that clarifies his position regarding the inadequate procedure allegedly used by appellee.  An inadequately developed argument need not be addressed on appeal.  See Theismann v. Theismann, 22 Va. App. 557, 572, 471 S.E.2d 809, 816, aff'd, 23 Va. App. 687, 479 S.E.2d 534 (1996) (en banc).  "We will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief."  Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).  Therefore, we do not consider this argument on appeal.

## VI.  Failure to Credit Payments

Appellant argues the trial court erred when it did not credit him for support payments made directly to the custodial parent.  He argues he should be permitted to challenge the 1999 order setting arrearages because appellee committed extrinsic fraud to arrive at that amount.  However, the record does not support appellant's contention.

-

Appellant did not present evidence on this issue during the trial court hearing. The only evidence presented to the court was the testimony of a senior accountant for the Division of Child Support Enforcement and two exhibits[8] offered by appellee. This evidence supports the arrearages found by the trial court.

Although appellant attempted to present documents to the trial court after the hearing by means of a Motion for Stay and Reconsideration, these documents were not admitted as evidence and cannot be used to undermine the court's decision. Evidence must be presented at the time of the hearing, not afterward. Cf. Joynes v. Payne, 36 Va. App. 401, 418, 551 S.E.2d 10, 18 (2001) (rehearing) (noting the requirements for acceptance of after-discovered evidence). The trial court is not obligated to reopen a case, especially after announcing its decision. Cf. Chrisman v. Commonwealth, 3 Va. App. 371, 375-76, 349 S.E.2d 899, 902 (1986) (explaining trial courts have discretion to reopen cases and take evidence after the parties have rested). The filing of the Motion for Stay and Reconsideration did not reopen the case. See Super Fresh Food Mkts. of Virginia, Inc. v. Ruffin, 263 Va. 555, 560-61, 561 S.E.2d 734, 737 (2002) (explaining a final order remains final unless the trial court enters a stay and allows further action in the case).

---

[8] Exhibit One was the 1999 order setting arrearages. Exhibit Two was an accounting of appellant's payments and accumulating debt.

-

The evidence before the trial court did not prove appellee failed to credit appellant for child support payments, either through fraud or accounting error. The evidence appellant asks us to examine was not presented at the hearing. We cannot find a trial court erred based on evidence not before the court.

## VII. Fiduciary Duty

Appellant argues the trial court erred in failing to find appellee owed him a fiduciary duty to maintain accurate records of his support payments. He contends such a duty existed because the Code mandates appellee manage particular financial obligations of appellant, making it his agent. He argues appellee violated this duty by committing fraud. We hold the trial court correctly found no such duty existed and no fraud existed.

Fiduciary relationships generally develop where "[e]vidence of advice and counsel in business matters involving a certain degree of trust" is proved. Oden v. Salch, 237 Va. 525, 534, 379 S.E.2d 346, 351 (1989). Appellee, however, is an agent of the Commonwealth of Virginia, established by the General Assembly, in part, to collect support payments. Code § 63.1-249 (recodified at Code § 63.2-1901). Appellee does not advise or act on behalf of people obligated to pay child support. Appellee is not employed by such people, but instead appellee

enforces child support orders and collects the debt owed by such people.[9]

In Van Deusen v. Snead, 247 Va. 324, 330-32, 441 S.E.2d 207, 211 (1994), the Supreme Court dealt with the issue of to whom real estate brokers owed a fiduciary duty, based on agency theory. The Court found an agent relationship and fiduciary duty where purchasers hired the realtors to assist them in buying a home. Id. at 331, 441 S.E.2d at 211. No similar relationship exists here. Appellant did not engage appellee and request that appellee act for him in the paying of his child support. Instead, appellee determined appellant owed the arrearages and took the money from him. We cannot find the trial court erred in failing to find a fiduciary relationship between the parties.

Additionally, even if a fiduciary relationship existed, appellant presented no evidence of breach of that duty, fraudulent or otherwise. Appellant claims appellee failed to credit him with child support payments and, thus, committed fraud. However, as discussed in section VI of this opinion, he did not present any evidence of this fraud at the hearing. The record supports the trial court's findings.

---

[9] Any relationship between appellant and appellee is based on appellant's failure to abide by a court order to pay child support.

VIII.  Statement of Facts

Appellant claims he properly filed a "Statement of Facts" under Rule 5A:8(e), which the trial court refused to sign or amend.  We find appellant did not file a statement of facts under the Rule.

Rule 5A:8(c) allows the filing of a written statement of facts "[i]n lieu of a transcript."  The "Statement of Facts" appellant filed with the trial court, by his own admission, does not summarize the facts and arguments presented at trial.  As appellant describes the statement, it "does not purport to be a representation of the incidence of the trial but represents a post[-]trial incident of the case."

In this case, appellant did not submit an erroneous or incomplete statement of what happened at trial.  His "Statement of Facts" did not discuss any of the incidents of trial.  Clearly, the trial court correctly refused to recognize this document, labeled a "Statement of Facts," as a statement of facts under Rule 5A:8(c).  Since a statement of facts was not presented to the trial court, the letter opinion rejecting appellant's document was appropriate.

For the reasons stated above, we affirm the final order of the trial court.

<u>Affirmed.</u>

-