# CIRCUIT COURT OF THE CITY OF ROANOKE

Anthony Amburgery

v.

Toby D. Peters, Sr.

March 4, 2003

Case No. CL02-895

BY JUDGE CHARLES N. DORSEY

The issue before the Court is a demurrer as to the pleading of fraud and the claim for punitive damages.

## *Demurrer*

This case arises from an alleged failure to repay a loan. The Plaintiff alleges that the Defendant committed fraud in the inducement regarding the loan agreement. In order to survive demurrer, Plaintiff must allege specific facts supporting his claim of fraud. A pleading that clearly informs the opposing party of the "true nature of the claim or defense" is normally sufficient to sustain a cause of action in Virginia. Va. Sup. Ct. R. 1:4(d). Sustaining an action for actual fraud, however, requires a higher standard. Fraud must be specifically pleaded, with facts supporting the allegation, in order to sustain a cause of action. *See, Potts v. Mathieson Alkali Works*, 165 Va. 196, 181 S.E. 521 (1935). The plaintiff alleges, in pertinent part, the following facts:

1. That the Plaintiff entered into an agreement with Defendant to loan the sum of $20,000.00, which sum was to be repaid to the Plaintiff with 100% interest. (MFJ 1.)

2. That the Defendant intentionally and fraudulently misrepresented to the Plaintiff the fact that the Plaintiff would be repaid the $20,000.00 loaned to the Defendant with 100% interest in weekly installments. (MFJ 2.)

3. That the statements of the Defendant were made to the Plaintiff for the purpose of misrepresenting and fraudulently inducing the Plaintiff to loan the sum $20,000.00 to the Defendant. (MFJ 2.)

4. That the Plaintiff relied on the representation by the Defendant that the Defendant would repay the monies the Plaintiff loaned to him and that said repayment would include the payment of 100% interest. (MFJ 2.)

5. That, in reliance of the Defendant's statements, the Plaintiff did loan to the Defendant the sum of $20,000.00. (MFJ 2.)

6. That the said statements made by the Defendant were made intentionally, fraudulently, and with actual malice and that the Plaintiff did, in fact, rely on the false, fraudulent, deceitful, and untrue statements made by the Defendant. (MFJ 2.)

7. That, contrary to the promises made by the Defendant and in breach of the Defendant's agreement with the Plaintiff, the Defendant has failed and refused to repay the monies owed to the Plaintiff. (MFJ 2, 3.)

8. That, as a proximate result of the foregoing acts, Plaintiff has incurred damages in the amount of $40,000.00. (MFJ 3.)

In Plaintiff's *ad damnum*, Plaintiff requests punitive damages.

The elements comprising actual fraud are: "(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled." *Winn v. Aleda Constr. Co.*, 227 Va. 304, 308, 315 S.E.2d 193 (1984). The Plaintiff alleged sufficient facts supporting the fifth and sixth elements, being claims of reliance by the party misled and resulting damage to the party misled. Plaintiff further alleges the date of the check, the check number of the certified check, the amount paid by the check, and the person writing and receiving the check that was allegedly given to the Defendant in reliance on his alleged assertion that the Plaintiff would be paid. Further, Plaintiff alleges that he was not, in fact, repaid the money loaned to the defendant. These allegations as to elements one and two arguably fall within the parameters of the Supreme Court of Virginia's guidance on the particulars required in pleading fraud. *See, Tuscarora v. B.V.A. Credit Corp.*, 218 Va. 849, 241 S.E.2d 778 (1978) (holding as insufficient a pleading that did not include details of time, place, and person).

With respect to the third and fourth element, the Virginia Supreme Court articulated the following rule:

> [t]he general rule is that fraud must relate to a present or pre-existing fact, and cannot ordinarily be predicated on unfulfilled promises or statements as to future events. *While failure to perform an antecedent promise may constitute breach of contract, the breach does not amount to fraud.* But the promisor's intention — his state of mind — is a matter of present fact. *When he makes the promise, intending not to perform,* his promise is a misrepresentation of present fact, and if made to induce the promisee to act to his detriment, is actionable as an actual fraud.

*Carolina Ford Truck Sales, Inc. v. Schneider,* 228 Va. 671, 677, 325 S.E.2d 91, 94 (1985) (citation omitted) (emphasis added).

In his pleading, Plaintiff does not allege with specificity any facts that prove a promise, or false representation, by the Defendant to pay Plaintiff, nor does he allege facts supporting the Defendant's present intent to fail to keep such a promise if it was, in fact, made. Plaintiff merely offers his conclusions that the elements of fraud have been committed and supports those conclusions with only the date of the alleged misrepresentation and the name of the Defendant. The Plaintiff must allege the facts of the actual misrepresentation, not just the conclusion that the misrepresentation has taken place. *See Ward's Equip. v. New Holland N. Am.,* 254 Va. 379, 493 S.E.2d 516 (1997) ("A demurrer does not admit the correctness of the pleader's conclusions of law." (citation omitted)).

"The basis of every right of recovery under our system of jurisprudence is a pleading setting forth facts warranting the granting of the relief sought. Pleadings are as essential as proof, the one being unavailing without the other. Every litigant is entitled to be told by his adversary in plain and explicit language what is his ground of complaint or defense. The issues in a case are made by the pleadings, and not by the testimony of witnesses or other evidence." *Mathieson,* 165 Va. at 207 (citations omitted).

In support of the sufficiency of his pleading, Plaintiff offers two cases. *Evaluation Research Corp. v. Alequin,* 247 Va. 143, 439 S.E.2d 387 (1994), does not deal with the sufficiency of a pleading for fraud; rather, it discusses the clear and convincing standard necessary to uphold a verdict in a case of fraud and is, therefore, inapplicable to the question at bar. The second case is *VanDusen v. Snead,* 247 Va. 324, 441 S.E.2d 207 (1994). In *Snead,* plaintiffs not only pleaded specific dates, times, and actors for the alleged fraud, but they also went further and alleged specific actions, e.g. placing objects in strategic positions over the basement floor to prevent a purchaser from seeing

the cracks in the floor. 441 S.E.2d at 209. The court held these specific facts sufficient, but, for the case at bar, the facts held acceptable in *Snead* only highlight the deficiency of Plaintiff's pleading.

In carefully reviewing all of the facts pleaded by the plaintiff, I find that the facts supporting the allegation of fraud have not been pleaded with the requisite particularity necessary to maintain the cause of action of fraud. In sustaining the Defendant's demurrer, I grant the plaintiff leave to amend his motion for judgment, as provided by Rule 1:8.

## Punitive Damages

In a contract case, the court may only award punitive damages based on proof of an independent, willful tort, and the pleading claiming punitive damages must allege facts sufficiently supporting the tort. *See, Kamlar Corp. v. Haley*, 224 Va. 699, 707, 299 S.E.2d 514, 518 (1983). In the case at bar, the claimed tort is fraud. In an action alleging fraud, the court may award punitive damages where there is a showing of actual or express malice. *See, Jordan v. Sauve*, 219 Va. 448, 453, 247 S.E.2d 739, 741 (1978). As the Plaintiff has failed to adequately plead fraud and has failed to plead facts supporting a determination of actual malice, I sustain the demurrer as to punitive damages, with leave to replead.