**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-1567**

PATRICIA OSTOLAZA-DIAZ; JOSE LUIS DIAZ-GOYES, a/k/a Jose L. Ostolaza,

        Plaintiffs - Appellants,

      v.

COUNTRYWIDE BANK, N.A.; COUNTRYWIDE HOME LOANS; ALLIED HOME MORTGAGE CAPITAL CORPORATION; ANTHONY FALCONE; SAMUEL I. WHITE, P.C., Trustee,

        Defendants – Appellees,

      and

COLONIAL TITLE COMPANY; KIM TAESONG,

        Defendants.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, Senior District Judge. (1:08-cv-00078-CMH-JFA)

Argued: October 29, 2009      Decided: January 12, 2010

Before NIEMEYER and DUNCAN, Circuit Judges, and Benson E. LEGG, United States District Judge for the District of Maryland, sitting by designation.

Affirmed by unpublished opinion. Judge Legg wrote the opinion, in which Judge Niemeyer and Judge Duncan joined.

**ARGUED:** Martin Carroll Conway, PESNER KAWAMOTO CONWAY, PLC, McLean, Virginia, for Appellants. William Paul Childress, III, HUNTON & WILLIAMS, LLP, Richmond, Virginia; Cameron Scott Matheson, LECLAIR RYAN, PC, Richmond, Virginia, for Appellees. **ON BRIEF:** Harry M. Johnson, III, HUNTON & WILLIAMS, LLP, Richmond, Virginia, for Appellees Countrywide Bank, N.A., and Countrywide Home Loans; Paul D. Anders, Tara L. Elgie, LECLAIR RYAN, PC, Richmond, Virginia, for Appellees Allied Home Mortgage Capital Corporation and Anthony Falcone.

———————

Unpublished opinions are not binding precedent in this circuit.

LEGG, District Judge:

Patricia Ostolaza-Diaz and Jose Luis Diaz-Goyes appeal the district court's dismissal of certain claims arising out of the refinancing of their home. Specifically, they challenge the dismissal of their state-law claims for fraud and intentional infliction of emotional distress. Because we find that Ms. Ostolaza-Diaz and Mr. Diaz-Goyes did not reasonably rely upon Defendants' allegedly false representations, we conclude that they cannot establish a prima facie case for fraud. We likewise find no merit in their claim for intentional infliction of emotional distress. Thus, we affirm the district court's dismissal of the case.

I.

We view the facts in the light most favorable to plaintiffs, the non-prevailing party below. Patricia Ostolaza-Diaz and Jose Luis Diaz-Goyes ("Appellants") are home owners in Fairfax County, Virginia. Prior to the events giving rise to this case, their home was secured by two mortgage loans and a home equity line of credit provided by Bank of America. In March of 2006, Defendant Anthony Falcone — an employee of Allied Home Mortgage Capital Corporation — placed an unsolicited telephone call to Appellants and represented himself as a Bank of America loan officer. During that call, Falcone informed

Appellants that he could refinance their mortgages with Bank of America using a new loan product that would allow them to reduce their monthly payments, saving them thousands of dollars over the life of the loan.

In reliance on Falcone's representations, Appellants completed and submitted a loan application. They thought that Falcone was a representative of Bank of America. In reality, Falcone was representing Countrywide Home Loans, Inc. Appellants also thought that the refinancing would reduce their monthly mortgage payment. In reality, as Falcone knew, the refinancing would leave them with greatly increased monthly payments that they could not afford.[1]

At closing, Appellants were presented with all relevant documents, including the Truth in Lending Act disclosure statement. These documents stated the actual amounts Appellants would be obligated to pay under their new loan. Nonetheless, Appellants executed the loan documents. Because Appellants were unable to afford their mortgage payments, Countrywide eventually initiated a foreclosure action against them.

Appellants originally brought suit in the Circuit Court for Fairfax County, Virginia stating claims for: (i) common law

---

[1] Under the terms of the Countrywide loan product, Appellants first monthly mortgage payment was $2,699.17. The subsequent payments were $4,028.67 per month. Appellants' previous mortgage payments had been $2320.00 per month.

fraud, (ii) intentional infliction of emotional distress, (iii) violation of the Truth in Lending Act, and (iv) violation of the Real Estate Settlement Procedures Act. Defendants removed the case to the Eastern District of Virginia, where the district court dismissed each of the claims. Appellants now appeal the dismissal of their state-law fraud and intentional infliction of emotional distress claims.

## II.

Appellants' complaint includes claims for both actual and constructive fraud.[2] To establish fraud under Virginia law, a plaintiff must demonstrate: (i) a false representation, (ii) of a material fact, (iii) made intentionally and knowingly, (iv) with an intent to mislead, and (v) reliance by the misled party, (vi) which results in damage to the misled party. See Van Deusen v. Snead, 247 Va. 324 (1994). Failure to plead reasonable reliance is fatal to a common law fraud claim. See Metrocall of Del. v. Cont'l Cellular Corp., 246 Va. 365, 374 (1993).

---

[2] "Constructive fraud differs from actual fraud in that the misrepresentation of material fact is not made with the intent to mislead, but is made innocently or negligently although resulting in damage to the one relying on it." ITT Hartford Group v. Va. Fin. Assocs,. Inc., 258 Va. 193, 204 (1999).

5

In this case, Appellants are, as a matter of law, unable to show that they reasonably relied upon Falcone's – or any other Defendant's – representations.  At closing, they were presented with documents that unambiguously spelled out the terms of the loan and contradicted Falcone's oral statements. In Virginia, an individual "may not reasonably rely upon an oral statement when he has in his possession a contrary statement in writing." Foremost Guaranty Corp. v. Meritor Savings Bank, 910 F.2d 118, 126 (4th Cir. 1990); see also, Calhoun v. Exxon Corp., 1995 WL 473981, at * 3 (4th Cir. Aug. 11, 1995) (same).  Stated another way, "Plaintiffs cannot be heard to complain when they failed to read the relevant documents."  Johnson v. Washington, 559 F.3d 238, 245 (4th Cir. 2009).

Because Appellants were presented with multiple documents, including a Truth in Lending Act disclosure statement, that laid out the true terms of their loan, they cannot now contend that they reasonably relied upon any false oral representation. Accordingly, the District Court did not err when dismissing Appellants' fraud claims.


III.

In addition to contesting the dismissal of their fraud claims, Appellants argue that the district court erred in dismissing their claim for intentional infliction of emotional

6

distress. In Virginia, a plaintiff bringing a claim for intentional infliction of emotional distress must allege facts showing that: (i) the wrongdoer's conduct was intentional or reckless, (ii) the conduct was outrageous and intolerable, (iii) the alleged wrongful conduct and emotional distress are causally connected, and (iv) the distress is severe. See Ogunde v. Prison Health Servs., 274 Va. 55, 65 (2007). In order to satisfy the second element, the alleged improper conduct must be "so outrageous in character, and so extreme in degree, as to be regarded as atrocious, and utterly intolerable in a civilized community." Russo v. White, 241 Va. 23, 26 (1991).

Here, while Falcone's actions were clearly improper, they fail to satisfy the "outrageousness" requirement. Assuming that Appellants are correct in their allegation that Falcone made "intentional and material false representations" and that Countrywide "gave [them] a loan they could not afford," the actions still do not rise to the level of actionable conduct. See, e.g., Harris v. Kreutzer, 271 Va. 188, 204 (2006) (holding that allegations that a defendant "verbally abused [plaintiff], raised his voice to her, stated she was 'putting on a show,' and accused her of being a faker and malingerer" did not equate to the type of outrageous behavior necessary to sustain a claim of intentional infliction of emotional distress). As a result, the

7

District Court did not err when dismissing Appellants' claim for intentional infliction of emotional distress.

IV.

In sum, we conclude that the district court erred neither in dismissing Appellants' fraud claims nor in dismissing their claim for intentional infliction of emotional distress. We therefore affirm the judgment of the district court.

AFFIRMED