## CIRCUIT COURT OF FAIRFAX COUNTY

Town and Country
Properties, Inc.

v.

Mark S. Allen

April 16, 1991

Case No. (Law) 93251

By JUDGE THOMAS A. FORTKORT

This matter is before the Court on defendant's Motion for Summary Judgment on Counts One and Two of plaintiff's Amended Motion for Judgment. The Court heard oral argument and considered written memorandum. For the following reasons, defendant's Motion for Summary Judgment is granted.

The plaintiff's Motion for Judgment is based on two counts. Plaintiff alleges (1) that the defendant, settlement agent, tortiously interfered with the contractual relationship between Town and Country and the sellers, and (2) that the defendant violated the Virginia Wet Settlement Act, § 6.1-2.10 of the 1950 Code of Virginia, as amended.

The Wet Settlement Act was enacted to insure prompt disbursement of settlement proceeds. The settlement attorney is the attorney in fact for the seller and in this case is contractually bound to honor the seller's instructions as to who is to receive what amounts of the funds at settlement. The seller may choose to advise the settlement attorney not to distribute funds to anyone. In this event the seller is in default. The settlement attorney has

no recourse but to protect the proceeds and advise all parties of the seller's default. The settlement attorney may have an attorney/client relationship with the purchaser, lender and seller. (*See* Code of Professional Responsibility Canon 5, DR 5-105(A), (C), and (D). Because of this relationship, he has an ethical duty to follow instructions by the seller in regard to dispersement of funds. He does not have a similar ethical duty to the real estate agent.

Because the settlement attorney in this case complied with the seller's lawful instructions to escrow Town and Country's commission, he did not violate the Wet Settlement Act. Additionally, by his escrowing the funds as instructed by the seller, there is no tortious interference with the contract between the seller and Town and Country. Plaintiff has failed to support his claim that defendant committed any act that could be construed as an intentional interference inducing or causing a breach or termination of the relationship between the sellers and Town and Country.