# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

R. A. Wainwright & Co., Inc.

v.

Sykes, Bourbon, Ahern & Levy, P.C.,
and Kopassis Development Corp.

February 22, 2006

Case No. CL05-2452

BY JUDGE H. THOMAS PADRICK, JR.

This action arises out of a dispute concerning co-defendant Sykes, Bourbon, Ahern & Levy, P.C.'s ("Sykes") alleged failure to pay plaintiff a real estate commission in full following the sale of real property. On March 8, 2004, co-defendant Kopassis Development Co. ("Kopassis") entered into a purchase agreement to sell residential property to Fereydoun Ghandil. Plaintiff Wainwright Real Estate ("Wainwright") is a local real estate agency that functioned as the Selling Firm (i.e. real estate broker) in Ghandil's purchase of this residential property. The settlement agent for this transaction, co-defendant Sykes, prepared a Settlement Statement ("HUD-1") which was signed by the buyer (Ghandil), seller (Kopassis), and a representative of the settlement agent (Sykes) at the closing.

The HUD-1 states that the final purchase price was $766,000. Under the terms of the purchase agreement and the Brokerage Fee Notice, Wainwright was entitled to receive a 2% commission on the final sales price of the property as compensation for its work done as the Selling Firm in this transaction; as such, the 2% commission due Wainwright for the sale of the property was $15,320.00. Wainwright alleges in its Motion for Judgment that it received only $14,520 for its services as Selling Firm in this transaction, which results in a deficiency of $800.00. Additionally,

Wainwright alleges that Kopassis unilaterally instructed Sykes to withhold this $800.00 portion of the 2% commission, and Sykes further withdrew this money from Sykes' escrow account and paid it to Kopassis.

Prior to initiating litigation, Wainwright demanded this money but was refused by defendants; Wainwright further sought to mediate this dispute, as required by the Purchase Agreement, but again defendants refused. As a result, Wainwright filed its Motion for Judgment on August 23, 2005, which alleges claims against Sykes for violation of the Wet Settlement Act, Va. Code § 6.1-2.10 *et seq.*, ("WSA"), breach of fiduciary duty, and conversion; as against Kopassis, Wainwright alleges conversion and breach of contract. On September 14, 2005, defendants filed a demurrer that included five grounds: (1) the Motion for Judgment fails to state a claim for which punitive damages can be granted; (2) Wainwright does not have standing to assert a claim under the WSA; (3) Wainwright fails to state a claim for breach of fiduciary duty inuring to its benefit; (4) Wainwright fails to state a claim for conversion; and (5) the Circuit Court does not have jurisdiction because the amount in controversy is $800.00, thus the General District Court has exclusive jurisdiction for this claim of $4,500.00 or less.

Following a hearing, this Court overruled Sykes' demurrer on four of the five grounds listed above, with the exception of the demurrer to Count I of Wainwright's Motion for Judgment, regarding Wainwright's standing to assert a claim under the WSA. This Court reserved ruling on this demurrer to Count I for further review and consideration prior to issuing a ruling.

This Court finds that Sykes' demurrer to Count I will be overruled. As the settlement agent, it is true that Sykes' fiduciary duties under the WSA, Va. Code § 6.1-2.10 *et seq.*, are limited to the parties to this transaction, here, the purchaser, the seller, and the lender. *See* LE Op. 183 (1980) ("Disbursement of Funds by Attorney in Connection with Purchase or Mortgage Financing of Real Estate"). And it is also true, as argued by Sykes, that, because Wainwright is neither the purchaser, the seller, nor the lender in the transaction serving as the basis for this suit, Sykes cannot be said to owe a fiduciary duty to Wainwright under the plain terms of the WSA. *See* Va. Code § 6.1-2.10 ("Settlement"); *Town and Country Properties, Inc. v. Allen*, 23 Va. Cir. 389 (1991). However, Sykes' contention that only those to whom it owed a fiduciary duty have standing to make a claim under the WSA is without merit.

The plain language of the WSA contemplates this situation by defining the "Disbursement of settlement proceeds" as the "payment of all proceeds of the transaction by the settlement agent to the *persons* entitled thereto," Va. Code § 6.1-2.10 (emphasis added), and then providing in the "Penalty"

portion of the WSA that "*any person suffering losses* due to the failure of the lender; or the settlement agent to cause disbursement as required by this chapter, shall be entitled to recover, in addition to other actual damages, double the amount of any interest collected in violation of § 6.1-2.12 of this chapter plus reasonable attorneys' fees incurred in the collection thereof." *Id.* at § 6.1-2.15 (emphasis added). Virginia Code § 1-230 defines "person" to include "any individual, corporation . . . or any other legal or commercial entity and any successor, representative, agent, agency, or instrumentality thereof." As such, the plain language of the WSA, *supra,* displays the General Assembly's intention that an instruction to violate the plain terms of an agreement by a person to whom a fiduciary duty is owed should not be acted upon. *See Mitchell v. Hughes,* 143 Va. 393, 403 (1925) ("The general rule is well settled that a broker must act with entire good faith towards his principal, and he is bound to disclose to his principal all facts within his knowledge which are or may be material to the matter in which he is employed, or which might influence the principal in his action. . . ."); *Owen v. Shelton,* 221 Va. 1051, 1054 (1981) ("A broker's obligation to his principal is broader than the duty to follow instructions . . . hence, incorporated in every contract between a fiduciary and his principal is an obligation, imposed by law upon the fiduciary, to disclose anything known to him which might affect the principal's decision whether or how to act."); *accord Burruss v. Green Auction Co.,* 228 Va. 6, 10 (1984); *Van Deusen v. Snead,* 247 Va. 324, 331 (1994); *Virginia Real Estate Comm. v. Bias,* 226 Va. 264, 269 (1983); *Metro Realty v. Woolard,* 223 Va. 92, 98 (1982); *Duncan v. Barbour,* 188 Va. 53, 61-62, 49 S.E.2d 260, 264 (1948); *Mitchell v. Hughes,* 143 Va. 393, 403, 130 S.E. 225, 228 (1925). *See also Town and Country,* at 390. Moreover, Sykes' argument is susceptible to a *reductio ad absurdum*: the logical conclusion of arguing that only those to whom a settlement agent owes a fiduciary duty can state a claim for unlawful disbursement under the WSA leads to the conclusion that the contents of a Purchase Agreement, Broker Fee Notice, and Settlement Statement are meaningless in determining to whom, and how much, should be disbursed following the settlement of a real estate transaction. This Court does not believe such a conclusion is consistent with the intent of the General Assembly when it enacted the WSA. Therefore, Wainwright's allegations of a violation of the WSA, i.e. Sykes' failure to escrow the disputed sum pending a determination of what amount, and to whom, Sykes could appropriately disburse the settlement proceeds, will survive a demurrer.

Moreover, in *Town and Country, supra,* a case similar to this, the settlement agent placed the disputed funds in an escrow account pending resolution of a dispute regarding disbursement of settlement proceeds. 23 Va.

Cir at 390. Here, Sykes did not place the disputed settlement proceeds in an escrow account and instead disbursed the funds, apparently believing this action to be the only way to comply with his fiduciary obligations owed to the parties involved. Rather than comply with the Purchase Agreement, Broker Fee Notice, and the Settlement Statement, Sykes instead disbursed a small portion of those funds intended for Wainwright to Kopassis in violation of the terms of the agreements listed above. While it is true that Sykes owes a fiduciary obligation towards Kopassis, the seller, and was instructed to disburse the settlement funds by Kopassis in the manner undertaken herein, Sykes was not "contractually bound to honor the seller's instructions as to who is to receive what amounts of the funds at settlement," *Town and Country*, 23 Va. Cir. at 389, because, unlike the settlement attorney in *Town and Country*, the seller's instructions are potentially unlawful since they violated the plain terms of the Purchase Agreement, Broker Fee Notice, and the Settlement Statement. In a situation such as this, instructions by a seller to disburse settlement proceeds in a manner which contravenes the plain language of the Purchase Agreement, Broker Fee Notice, and the Settlement Statement can form the basis of an action alleging a violation of these agreements, hence also potentially unlawful acts under the WSA. Under the terms of the WSA, the determination of the unlawfulness of Sykes' actions will turn upon Wainwright's ability to factually support its claim that Sykes "committed any act that could be construed as an intentional interference inducing or causing a breach or termination of the relationship between" Kopassis, the seller, and Wainwright, the real estate agent. *Town and Country*, 23 Va. Cir. at 390.