## CIRCUIT COURT OF FAIRFAX COUNTY

Charles Beamon
and Wanda Beamon

v.

Douglas Green,
Sunni Green, and
Long & Foster Real Estate, Inc.

December 10, 1996

Case No. (Chancery) 140059

BY JUDGE DAVID T. STITT

This matter came before the Court on the Complainants' Request for Reconsideration of the Court's findings of June 28, 1996. The Request was limited to considering the effect of the Virginia Residential Property Disclosure Act, Va. Code §§ 55-517 through 55-525 (1996). The Court has reviewed the memoranda of counsel, the authorities cited therein, and the arguments presented by counsel during the August 9, 1996, hearing.

### Background

Charles Beamon purchased real property from Douglas and Sunni Green on July 5, 1994. Long & Foster Real Estate, Inc., through separate agents, represented the interests of the buyer, Mr. Beamon, and the interests of the sellers, the Greens. Pursuant to the Virginia Residential Property Disclosure Act, the Greens provided Mr. Beamon with a residential property disclaimer statement, stating that Mr. Beamon would receive the property "as is," with all defects which may exist. On November 29, 1995, Charles and Wanda Beamon filed a Bill of Complaint against Long & Foster and the Greens, alleging that Long & Foster and the Greens misrepresented and concealed material defects during negotiation of the sale to Mr. Beamon.

Long & Foster demurred to the Bill of Complaint, and on February 2, 1996, the Court sustained Long & Foster's Demurrer and gave the Beamons leave to file an Amended Bill of Complaint. Subsequently, the Greens also demurred to the Bill of Complaint, and on March 4, 1996, the Court sustained the Green's Demurrer and gave the Beamons leave to file a Second Amended Bill of Complaint. Long & Foster demurred to the Second Amended Bill of Complaint, and on April 12, 1996, the Court sustained the Demurrer and gave the Beamons leave to file a Third Amended Bill of Complaint. The Beamons filed a Third Amended Bill of Complaint on April 26, 1996, to which Long & Foster and the Greens demurred. The Greens filed a plea in bar as well.

At the June 28, 1996, hearing, the Court orally sustained Long & Foster's Demurrer, holding that the suit was precluded by the Virginia Residential Property Disclosure Act, and the Court sustained the Greens' Plea in Bar on the same grounds. The Beamons then filed a Request for Reconsideration asking the Court to reconsider its rulings.

*The Virginia Residential Property Disclosure Act ("The Act")*

1. *Section 55-523*

Section 55-523 of the Act specifically sets forth the obligations of a real estate agent to the parties in a real estate transaction. Section 55-523 states:

> The real estate licensee representing an owner of residential property as the listing broker has a duty to inform each such owner represented by that licensee of the owner's rights and obligations under this chapter.
>
> A real estate licensee representing a purchaser of residential property, or if the purchaser is not represented by a licensee, the real estate licensee representing an owner of residential real estate and dealing with the purchaser has a duty to inform each such purchaser of the purchaser's rights and obligations under this chapter.
>
> Provided a real estate licensee performs these duties, the licensee shall have no further duties to the parties to a residential real estate transaction under this chapter and shall not be liable to any party to a residential real estate transaction for a violation of this chapter or for any failure to disclose any information regarding any real property subject to this chapter.

As long as the real estate agent representing an owner and "dealing with the purchaser" informs the purchaser of the purchaser's rights and obligations under the Act, then the real estate agent has no further duties and is not liable to any party for failure to disclose information.

*2. Sections 55-519 and 55-524*

Va. Code § 55-519(A)(1) of the Act provides that an owner makes no representations or warranties as to the condition of the property and that the purchaser will receive the real property "as is" with all defects which may exist. Section 55-519(A) states in pertinent part as follows:

> With regard to transfers described in § 55-517 of this chapter, the owner of residential real property shall furnish to a purchaser one of the following:
> 1. A residential property disclaimer statement in a form provided by the Real Estate Board stating that the owner makes no representations or warranties as to the condition of the real property or any improvements thereon and that the purchaser will be receiving the real property "as is" that is, with all defects which may exist, if any except as otherwise provided in the real estate purchase contract ... .

However, an owner of property may not intentionally conceal known material defects and agree to sell the property knowing that the purchaser is unaware of the defects. As stated by the court in *Van Deusen v. Snead*, 247 Va. 324, 441 S.E.2d 207 (1994):

> If a party conceals a fact that is material to the transaction, knowing that the other party is acting on the assumption that no such fact exists, the concealment is as much a fraud as if the existence of the fact were expressly denied, or the reverse of it expressly stated.

*Van Deusen*, 247 Va. at 328, 441 S.E.2d at 211 (citing *Allen Realty Corp. v. Holbert*, 227 Va. 441, 450, 318 S.E.2d 592, 597 (1984), and *Clay v. Butler*, 132 Va. 464, 474, 112 S.E. 697, 700 (1922)). No language in the Act appears to abrogate this long-established principle.

Moreover, § 55-524 of the Act specifically preserves all remedies at law or equity otherwise available against an owner in the event of an owner's intentional or willful misrepresentation of the condition of the subject property. Section 55-524 states in pertinent part as follows:

Nothing contained herein shall prevent a purchaser from pursuing any remedies at law or equity otherwise available against an owner in the event of an owner's intentional or willful misrepresentation of the condition of the subject property.

### Application of the Act to Long & Foster

Under § 55-523 of the Act, a real estate agent representing an owner and "dealing with a purchaser" need only inform a purchaser of his rights and obligations under the Act. In the Third Amended Bill of Complaint, the Beamons do not allege that Long & Foster did not inform the Beamons of any rights or obligations. The Beamons merely allege that Long & Foster participated in and perpetrated the alleged fraud. However, unlike the savings clause which preserves common law remedies against the *owners* in § 55-524, there is no savings clause which applies to real estate agents. Therefore, based on the language in the Act, the Beamons have not alleged a cause of action against Long & Foster. Accordingly, the Request for Reconsideration with respect to Long & Foster is denied, and Long & Foster's demurrer is sustained without leave to amend and the cause is dismissed as to Long & Foster.

### Application of the Act to the Greens

Section 55-519 of the Act specifically allows an owner of real property to sell property "as is" without making any representations or warranties. However, § 55-519 does not allow the owner to conceal facts which may be material to the parties' contract. Section 55-524 of the Act specifically preserves common law remedies otherwise available against an owner in the event that an owner made intentional misrepresentations of the condition of the property. Accordingly, the Act does not bar an action for fraud by a purchaser of real property against the owner. Therefore, pursuant to §§ 55-519 and 55-524 of the Act, the Greens' Plea in Bar to the Beamons' Third Amended Bill of Complaint is overruled.