## CIRCUIT COURT OF FAIRFAX COUNTY

Colleen McGlen

    v.

Jeffrey Rosenfeld et al.

January 13, 2011

Case No. CL-2010-3123

By Judge Dennis J. Smith

This case comes before the Court on a Demurrer filed by Defendants Jeffrey Rosenfeld and Jeffrey Rosenfeld and Associates to Plaintiff Colleen McGlen's Amended Complaint alleging legal malpractice and breach of contract. The matter was briefed, and argument was heard, whereupon the Court took the matter under advisement.

### *Facts as Pleaded*

In August 2006, Plaintiff Colleen McGlen purchased a residential property in Vienna, Virginia from Roy E. and Roxanne Barrett for the purpose of building a new home. (Am. Compl. ¶¶ 1-11.) The property was subject to the Chesapeake Bay Preservation Act ("CBPA") at the time Plaintiff signed the purchase contract on August 28, 2006, as well as on the date of settlement, October 20, 2006. (Am. Compl. ¶¶ 11-12, 14, 23, 25.) At all dates relevant to this case, the property Plaintiff purchased was within a resource protection area and subject to certain CBPA restrictions on the use and development of the property, which prevented Plaintiff from building on the purchased property as intended. (Am. Compl. ¶¶ 13, 15.)

In June 2007, Plaintiff entered into a contract with Defendants for legal advice and representation in an action against the Barretts for their possible failure to provide Plaintiff with disclosures required under the Virginia Residential Property Disclosure Act ("VRPDA"), which is found at § 55-517 et seq. of the 1950 Code of Virginia, as amended. (Am. Compl. ¶ 49.) On October 19, 2007, Defendants filed a suit on behalf of Plaintiffs against the Barretts. (Am. Compl. ¶ 56.) On March 26, 2008, Defendants withdrew as Plaintiff's counsel in that suit. (Mem. in Supp. of Dem. of Defs. Ex. A.)

On January 9, 2009, Plaintiff's suit was dismissed when the Barretts' Plea in Bar and Demurrer to Plaintiff's Amended Complaint were sustained by the Honorable Jonathan C. Thacher of the Fairfax County Circuit Court. *McGlen v. Barrett*, 78 Va. Cir. 90, 93, 99 (Fairfax 2009). Judge Thacher found that a one-year statute of limitations provided in the VRPDA, at § 55-524(C), began to run on September 5, 2006, which was the date on which the Barretts provided Plaintiff with a "disclaimer notice." Judge Thacher further held that, under Va. Code § 55-524(C), providing a disclaimer notice begins the limitations clock regardless of whether that disclaimer satisfied statutory disclosure requirements. *Id.* at 94. As Defendants filed Plaintiff's suit on October 19, 2007, Plaintiff's claim against the Barretts was therefore time-barred. *Id.* at 94-95.

Plaintiff claims that Defendants' failure to file Plaintiff's suit within the one-year limitations period beginning on September 5, 2006, was a breach of an implied obligation on the part of Defendants to perform legal services commensurate with the prevailing standard of care. (Am. Compl. ¶¶ 50-54, 58.) Plaintiff further claims that "[b]ut [for] Defendants' breach of contract and breach of the standard of care . . . [Plaintiff] would have been able to recover damages from Realtors." (Am. Compl. ¶ 59.)

On May 7, 2010, Defendants filed a Demurrer. Defendants maintained that there was no breach of duty as the statute of limitations period began to run, not on September 5, 2006, as found by Judge Thacher, but on October 20, 2006, the date of settlement. (Mem. in Supp. of Dem. of Defs. at 10.) Thus, the Defendants not only contended that there was no professional negligence for not filing before the earlier September 5 date, but also that the proximate cause of any damage suffered by Plaintiff's was judicial error. On June 25, 2010, this Court entered an Order in this case sustaining Defendants' Demurrer with leave to amend the Complaint. Plaintiff filed an Amended Complaint on July 16, 2010, and Defendants have again demurred.

### Standard of Review

"The purpose of a demurrer is to determine whether a complaint states a cause of action upon which relief may be granted." *Bell v. Saunders*,

278 Va. 49, 53, 677 S.E.2d 39 (2009) (citing *Tronfeld v. Nationwide Mutual Ins. Co.*, 272 Va. 709, 712-13, 636 S.E.2d 447 (2006); *Welding, Inc. v. Bland County Serv. Auth.*, 261 Va. 218, 226, 541 S.E.2d 909 (2001)). "A demurrer admits the truth of the facts contained in the pleading to which it is addressed, as well as any facts that may be reasonably and fairly implied and inferred from those allegations." *C. Porter Vaughan, Inc. v. DiLorenzo*, 279 Va. 449, 455, 689 S.E.2d 656 (2010) (quoting *Yuzefovsky v. St. John's Wood Apts.*, 261 Va. 97, 102, 540 S.E.2d 134 (2001)). To withstand demurrer, a complaint need only contain "sufficient allegations of material facts to inform a defendant of the nature and character of the claim," and need not "descend into statements giving details of proof." *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277 (1993) (citing *Hunter v. Burroughs*, 123 Va. 113, 129, 96 S.E. 360 (1918)). "A demurrer does not test matters of proof and, unlike a motion for summary judgment, does not involve evaluating and deciding the merits of a claim. . . ." *Id.* at 227-28 ("Issues such as whether filing notice eighteen days after an alleged 'occurrence' or filing a notice of intent and a claim in a single document comply with the Procurement Act are not matters of pleading a cause of action, but of resolving the merits of the cause.")

*Analysis of Grounds for Demurrer*

A. *Is the Complaint Defective Because a Damages Remedy against the Barretts under § 55-524(B)(1) of the VRPDA Was Never Available to Plaintiff?*

Va. Code § 55-524(B) provides purchasers with remedies for a seller's failure to comply with the disclosure provisions of Chapter 27 of Title 55 of the Virginia Code. At the time of the contracting, August 2006, that section read as follows:

> B. The purchaser's remedies hereunder for failure of an owner to comply with the provisions of this chapter are as follows:
>
> 1. In the event of a misrepresentation in any residential property disclosure statement or failure to deliver a disclosure or disclaimer statement, an action for actual damages suffered as a result of defects existing in the property as of the date of execution of the real estate purchase contract which would have been disclosed by a disclosure in compliance with this chapter and of which the purchaser was not aware at the time of settlement if by sale of the property, or occupancy by the purchaser if by lease with the option to purchase; or
>
> 2. In the event of a misrepresentation in any residential property disclosure statement or the failure to provide the

disclosure or disclaimer required by this chapter, the contract may be terminated subject to the provisions of subsection B of § 55-520.

3. In the event the owner fails to provide the disclosure required by § 55-519.1, or the owner misrepresents, willfully or otherwise, the information required in such disclosure, except as result of information provided by an officer or employee of the locality in which the property is located, the purchaser may maintain an action to recover his actual damages suffered as the result of such violation. Notwithstanding the provisions of this subdivision, no purchaser of residential real property located in a noise zone designated on the official zoning map of the locality as having a day-night average sound level of less than 65 decibels shall have a right to maintain an action for damages pursuant to this section.

Va. Code Ann. § 55-524(B)(1) (2005).

As of the August 2006 contracting date, Subsection (C) of § 55-524 set out the statute of limitations for actions brought pursuant to § 55-524:

C. Any action brought under this subsection shall be commenced within one year of the date the purchaser received the disclosure or disclaimer statement. If no disclosure or disclaimer statement was delivered to the purchaser, an action shall be commenced within one year of the date of settlement if by sale, or occupancy if by lease with an option to purchase.

*Id.* § 55-524(C). In his ruling in the underlying case, Judge Thacher wrote the following:

Virginia is a plain meaning jurisdiction. A principal rule of statutory interpretation is that courts will give statutory language its plain meaning. *See Jackson v. Fidelity & Deposit Co.*, 269 Va. 303, 313, 608 S.E.2d 901 (2005). The plain text of Va. Code § 55-524(C) only provides for two scenarios: (1) when a disclosure or disclaimer is provided; and (2) when a disclosure or disclaimer is not provided. In the instant case Defendants provided Plaintiff with a disclaimer. Therefore, the Plaintiff filed outside the applicable one year statute of limitations.

*McGlen*, 78 Va. Cir. at 94.

Judge Thacher's plain meaning analysis does not explicitly address the question of whether a document titled "disclaimer" but which fails to

contain any reference to the CBPA is effective as a disclaimer for purposes of (a) starting the limitations clock and/or (b) making the remedy under § 55-524(B)(1) unavailable to the purchaser because a disclaimer has been provided.

The purpose of residential disclosure or disclaimer requirements in §§ 55-519 and 55-519.1 is to provide protection to purchasers of residential property against issues as to the property being sold which are not readily apparent but may exist. The Code sets forth specific issues which "shall" be disclosed or disclaimed to allow the purchaser an opportunity to investigate the applicability of those issues to the property being purchased. The General Assembly also established that the purchaser should have a finite period in which to bring an action based on any of these issues, and it set that time as one year. This one-year period begins to run from the provision of the disclaimer or disclosure statement or, if none is provided, one year from the date of settlement if the property is acquired by sale, or occupancy if by lease with an option to purchase. A failure to provide a "disclaimer" which puts the purchaser on notice of one of the specified potential issues does not serve the contemplated purpose of the statutes, and it is therefore not a "disclaimer" for purposes of starting the one-year statute.

Accordingly, I respectfully disagree with Judge Thacher's ruling in *McGlen v. Barrett*. In so ruling, I find that, as a matter of law, there was no negligence on the part of the Defendants for failing to timely file the Complaint in the underlying suit. I therefore sustain the Demurrer as to Ms. McGlen's claim against the Defendants in that it asserts liability for professional negligence on the theory that her lawsuit against the Barretts was not timely filed. Plaintiff is granted leave to amend, but if an Amended Complaint is not filed within twenty-one days, this case is dismissed.

B. *Is Plaintiff's Claim against Defendants for the Failure To Pursue Her Claim under the VRPDA against Her Realtors Precluded Because She Never Had a Statutory Remedy against Her Realtors under VRPDA?*

In her Amended Complaint, Plaintiff alleges that "Defendants failed to correctly identify and incorporate into the complaint the Realtors as a party to the statutory remedy available to McGlen." (Am. Compl. ¶ 58(B).) However, Defendants claim that Plaintiff had no statutory remedy under the VRPDA against her realtors, Martha Brightsen and her company Long & Foster Real Estate, Inc. (collectively "Realtors"). (Dem. of Defs. to Am. Compl. ¶ 2.)

Section 55-524 of the VRPDA, titled "Actions under this chapter," does not provide any remedies against realtors. This section provides a list of a purchaser's remedies "for failure of an owner to comply with the provisions of this chapter." Va. Code Ann. § 55-524(B) (2005). Specifically, these remedies are intended to address any misrepresentations in residential

property disclosure statements and the failure to deliver a disclosure or disclaimer statement. *Id.* § 55-524(B)(1), (2). Such remedies include an action for actual damages and the termination of the contract. *Id.* However, a purchaser may only use these remedies for a property owner's, not a real estate licensee's, failure to comply with this chapter. "[U]nlike the savings clause which preserves common law remedies against the owners in § 55-524, there is no savings clause which applies to real estate agents." *Beamon v. Green,* 41 Va. Cir. 195, 198 (Fairfax 1996).

Another section of the VRPDA, however, provides a purchaser of property with an implied cause of action against his or her realtors. Va. Code § 55-523 sets forth the duty of real estate licensees representing a purchaser of residential real property. Va. Code Ann. § 55-523 (2005). Such licensees must inform the purchaser of his or her rights and obligations under the VRPDA. *Id.* Section 55-523 explains:

> Provided a real estate licensee performs those duties, the licensee shall have no further duties to the parties to a residential real estate transaction under this chapter, and shall not be liable to any party to a residential real estate transaction for a violation of this chapter or for any failure to disclose any information regarding any real property subject to this chapter.

*Id.* In other words, real estate licensees representing purchasers are liable for the failure "to inform each such purchaser of the purchaser's rights and obligations under [the VRPDA]." *Id.* Other Virginia circuit court judges have suggested that this statute may provide a cause of action against realtors. *See Nathan v. Long & Foster Real Estate, Inc.,* Case No. CL09000493-00 (Roanoke Cir. Ct. Nov. 20, 2009) (holding that a realtor's failure to accurately inform purchasers regarding the presence of radon prevented the realtor from obtaining the protection of § 55-523) ▌ *Beamon,* 41 Va. Cir. at 197 ("As long as the real estate agent representing an owner and `dealing with the purchaser' informs the purchaser of the purchaser's rights and obligations under the Act, then the real estate agent has no further duties and is not liable to any party for failure to disclose information.")

Not only does the VRPDA provide a cause of action against real estate licensees, Plaintiff's Amended Complaint states such a cause of action by alleging that the Realtors did not advise her of her rights and obligations under the VRPDA. *See* Am. Compl. ¶ 27 ("Had the Realtors advised McGlen of her rights and obligations under the [VRPDA], McGlen would have been aware of the disclosures required under the act."); Am. Compl. ¶ 40 ("McGlen was not made aware of any of her rights under

the [VRPDA].""). Thus, the Amended Complaint suggests that Defendants failed to identify and take action against a potential defendant in what would be a valid underlying suit against the Realtors, and Plaintiff thereby forfeited any claim she had under the VRPDA against the Realtors.

For the foregoing reasons, the Demurrer on this ground is overruled.

C. *Is the Alleged Failure To Provide Notice of the CBPA a "Defect" in the Property Allowing Plaintiff To Seek Actual Damages under the VRPDA If the Location of the Property Is within the Area Protected by the CPBA?*

Defendants further claim that notice of the CBPA required by the VRPDA does not amount to a "defect" to the property that would have been disclosed. (Dem. of Defs. to Am. Compl. ¶ 3.) Defendants contend that "the sole remedy for failing to provide the required notice is termination of the contract." (Mem. in Supp. of Dem. of Defs. to Am. Compl. 5.) Contrary to Defendants' argument, a damages action based on the failure to provide notice of the CBPA was a remedy under the VRPDA as it existed on the date of contracting.

Defendants' argument that the CBPA does not constitute a "defect" under § 55-524(B)(1) is also not persuasive. This section provides an action for actual damages for the failure of an owner to comply with the VRPDA:

> 1. In the event of a misrepresentation in any residential property disclosure statement *or failure to deliver a disclosure or disclaimer statement,* an action for actual damages suffered as a result of defects existing in the property as of the date of execution of the real estate purchase contract which would have been disclosed by a disclosure in compliance with this chapter and of which the purchaser was not aware at the time of settlement if by sale of the property, or occupancy by the purchaser if by lease with the option to purchase. . . .

Va. Code Ann. § 55-524(B)(1) (2005) (emphasis added).

Defendants argue that actionable "defects" under § 55-524(B)(1) are limited to those defects which were set out in Va. Code § 55-519(2), and the location of the property within CBPA area is not listed in § 55-519(A)(2). (Mem. in Supp. of Dem. of Defs. to Am. Compl. 5.) This argument, however, fails to consider two aspects of §§ 55-519 and 55-524. First, the listed defects in § 55-519(2) relate to known defects to be disclosed, and they do not relate to disclaimer statements. Va. Code Ann. § 55-519(A)(2) (2005). Second, § 55-519(2) states that the disclosure form may include the listed defects but does not indicate the exclusivity of the list. *Id.* The VRPDA does not otherwise define "defects," and, therefore, the list of potential "defects" in § 55-519 does not constrain the use of the term

"defects" in § 55-524(B)(1). Accordingly, the Demurrer on this ground is overruled.

### D. *Is the Complaint Defective As to the Realtors as the Plaintiff's Litigation against Them in the Underlying Suit Is Still Proceeding?*

The final argument raised on Demurrer, that Plaintiff is still actively litigating a suit against the realtors and therefore has no damage as a result of a lost claim against the realtors, has been rendered moot by the nonsuit of those claims taken on November 4, 2010, in Case No. CL2007-12720.

### Conclusion

Defendants' Demurrer to the Amended Complaint is sustained in part and overruled in part.

As for the pending trial date, if this suit were to proceed to trial in February, we run the risks of inconsistent or duplicative verdicts and also the distinct likelihood that appeals of my and Judge Thacher's rulings with regard to the Statute of Limitations would result in a reversal of at least one of the cases. It therefore appears that the interests of judicial economy and consistency require a stay of this action pending a resolution of the appeal in the underlying case, that appeal having been noticed on December 16, 2010. An Order removing this case from the trial docket and staying this matter effective twenty-two days following the entry of the Order encompassing my rulings on the Demurrer has been entered.